[L. A. No. 12568. In Bank.—April 25, 1931.]

KUTNER-GOLDSTEIN CO. (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

Leon Morris and Chickering & Gregory for Petitioners.

Joseph E. Bien and Werner Olds for Respondents.

SHENK, J.—This is a petition for a writ of review to annul an order to perpetuate testimony made by the respondent judge.

On May 8, 1930, Abe L. Kutner produced to the respondent judge a verified petition to take the testimony of Maurice A. Penny and L. A. Rummelsberg, pursuant to sections 2083 to 2089, inclusive, of the Code of Civil Procedure. The petition set forth that the petitioner expected to be a party to an action in a court in this state and that the names of the persons whom he expected to be adverse parties were Louis Kutner, Alfred Kutner and Kutner-Goldstein Co., a California corporation having its principal place of business in San Francisco; that the residences of the witnesses were in the city of Fresno, and that each of said witnesses was a necessary and material witness for the petitioner in the trial of the expected action and that the testimony of each was necessary and material in the prosecution thereof. Then followed a general outline, covering five pages of typewritten specifications of the facts expected to be proved by the witnesses. This proposed proof concerned certain alleged illegal transactions between the proposed defendants Louis Kutner and Alfred Kutner, who were alleged to be in control of the Kutner-Goldstein Co., and had to do with their alleged unlawful practices with reference to the business transactions, borrowing and loaning money, transfer of assets and transfer of stock of the proposed defendant corporation, and dealings between said corporation and other corporations. The witness Penny was alleged to have been for many years the financial man, general accountant, bookkeeper and manager of the Kutner-Goldstein Company, and the witness Rummelsberg to have been for many years last past the bookkeeper and submanager of said corporation and familiar with the books of account of said corporation and their whereabouts.

Upon the presentation of said petition the respondent judge signed an order directing the examination of said witnesses before a designated court commissioner at a specified time and place and directed the notice to be given. The court commissioner thereupon issued a subpoena requiring

the witnesses to appear before him at the specified time and place to give their testimony, the time being fixed on the twentieth day of May, 1930. On May 14, 1930, the present petition was filed in the District Court of Appeal in and for the Fourth District, whereupon that court issued the writ as prayed returnable on May 26th. On May 22d the respondent judge submitted to the District Court of Appeal the record in the matter consisting of copies of the petition for the order, the order and the subpoena.

The petition for the writ of review herein sets forth the facts leading up to the issuance of the subpoena and alleges that the respondent court and the judge thereof were without jurisdiction to issue said order for the reason that the petition of Abe L. Kutner failed to comply with the provisions of section 2084 of the Code of Civil Procedure in that it failed to state facts sufficient to confer jurisdiction to make the order and particularly that said petition was deficient in that it failed to set forth the nature of the action to which the petitioner therein expected to be a party and contained no averment respecting the issues to be tried in said action, or of the interest of Abe L. Kutner in the expected controversy, and failed to state the facts expected to be proved by the testimony of said witnesses; also that said order is void as in violation of section 19 of article I of the Constitution safeguarding the right of the people to be secure in their persons, papers and effects and prohibiting unlawful searches and seizures.

By a divided court the District Court of Appeal annulled the order, after which a petition for transfer to this court was granted.

An examination of the petition to perpetuate testimony, the order issued pursuant thereto and the subpoena of the commissioner discloses a literal complaint with subdivisions 1 and 3 of section 2084 of the Code of Civil Procedure, including a sufficient general outline of the facts expected to be proved. It is the contention of the petitioner herein that it is the obvious purpose of the petitioner Abe L. Kutner, in the examination of said witnesses, to compel the production of and to examine the books, papers and records of the Kutner-Goldstein Company and that this may not lawfully be done without a further showing to the respondent judge of the nature of the contemplated action

and that the facts expected to be proved would be material in that action; otherwise, it is argued, the rights of the petitioner corporation to be secure in its papers and effects as guaranteed by section 19 of article I of the Constitution would be violated. The respondents contend that the terms of the statute as written have been complied with and that nothing more should be required.

Under the chancery practice in the federal courts and the equity practice in some other jurisdictions, depositions to perpetuate testimony could only be taken upon the filing of the bill for that purpose and it was necessary to allege: (1) the reason for the perpetuation of the testimony; (2) complainant's right, title or interest in the matter or thing to which the evidence relates; (3) that defendant claims some interest in the subject matter of the controversy; (4) the subject matter of the controversy; (5) the inability of a party seeking to perpetuate the testimony to bring action immediately regarding the matter involved; (6) the names of the witnesses; (7) the facts concerning which the examination is sought; and (8) the danger of the evidence being lost. Proceedings by demurrer and answer may then follow (18 Cor. Jur., p. 627; 8 R. C. L. 1148). ■ Our code section 2084 has remained unchanged for over fifty years and the procedure thereunder, in comparison with the old equity practice, is much simplified. Of the eight requirements under the old practice only three are found in our statute, namely, (1) the reason for the perpetuation of the testimony, that is, that the applicant expects to be a party to an action; (2) the names of the witnesses to be examined and their places of residence; and (3) a general outline of the facts expected to be proved.

■ Ordinarily nothing more than the statutory requirements is necessary to be shown in the application and the courts of this state have so stated on several occasions. (*Christ* v. *Superior Court*, 211 Cal. 593 [296 Pac. 612]; *San Francisco Gas Co.* v. *Superior Court*, 155 Cal. 30 [17 Ann. Cas. 933, 99 Pac. 359]; *Doyle* v. *Superior Court*, 100 Cal. App. 652 [280 Pac. 992].) Instances where the showing has been held insufficient under our statute are particularly relied upon by the petitioners herein. (*Irving* v. *Superior Court*, 79 Cal. App. 361 [249 Pac. 236]; *Caill-*

*eaud* v. *Superior Court,* 108 Cal. App. 752 [292 Pac. 145]; *Doyle* v. *Superior Court,* 100 Cal. App. 652 [280 Pac. 992].) In the Irving case the Superior Court had issued a *subpoena duces tecum* to compel the petitioner therein to appear as a witness and to have with him certain books, papers and records, and. it was held that the showing on the application for the order was insufficient in that it did not show the nature of the anticipated action and ·did not reasonably show that the evidence sought was material to some present or anticipated controversy. In discussing the problem the court in that case seems to have based. its conclusions in part on the fact that the showing was insufficient because it did not measure up to the requirements of the equity practice in other jurisdictions, as well as upon the effect of section 19 of article I of the Constitution when read into our code section.

When the order of the court and the proceedings otherwise do not direct the issuance of a *subpoena duces tecum* or the production of books, records, or other documents we find no necessity for the extension of the requirements of the petition beyond those specified on the face of our code section. But when the order or the subpoena issued pursuant thereto does direct the production of books, records or other documents, section 19 of article I of the Constitution intervenes as a protection against unreasonable searches and seizures. To that extent the doctrine of the Irving case is approved and would require a showing before the judge called upon to issue the order to take the testimony of the nature of the anticipated · controversy and that the facts expected to be proved would be material to· the contemplated action whenever it is sought to require the production of documentary evidence. Otherwise the court would not be advised of the facts necessary to safeguard the rights of the proposed witness or the party directly affected by his testimony and they would be without the protection that the Constitution affords. (See *ex parte Clark,* 126 Cal. 235 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546]; *Finkenstein* v. *Superior Court,* 23 Cal. App. 663 [139 Pac. 101]; *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal. App. 276 [114 Pac. 589].)

There is some justification for the argument that the proceeding before the respondent judge is for the pur-

pose of the examination of the books of the petitioner corporation, but it must also be said that much of the proposed testimony of said witness may be by question and answer as to which the production of records may be unnecessary. And if the examination should proceed to the point of requiring the production of the records or papers of the petitioner corporation, the witnesses would be justified in refusing to produce the same and in continuing so to refuse until confronted with an order based upon a showing ·sufficient to safeguard the rights of interested parties under the constitutional guaranty above referred to.

■ There is nothing on the face of the order attacked in the present proceeding, or on the face of the subpoena issued pursuant thereto, which would require the production of the records of the corporation and we cannot assume that they would be sought in the examination of the witnesses.

■ The fact that section 2086 of the Code of Civil Procedure provides that the examination must be by question and answer is advanced as an additional reason why the showing before the judge should disclose the nature of the expected controversy and the materiality of the evidence sought to be elicited, in order that the court might be in position to rule properly on the materiality of the questions in the event the witness should refuse to answer and should be required to respond to an order to show cause why he should not be compelled to answer. This contention indicates the desirability of making a full showing at the commencement of the proceeding if books and records are expected to be examined, in order that the Constitution, as well as the statute, be complied with and to the end that dilatory obstacles may be avoided; · but the objection does not go to the jurisdiction to make the order in the first instance. In the case of *Cailleaud* v. *Superior Court, supra,* also relied upon by the petitioners, it was held that the showing before the judge failed to meet the requirements of section 2084, but especially with reference to necessary showing under subdivision 2 of that section. The proceedings instituted in the respondent court in the present case were taken under subdivisions 1 and 3. The Cailleaud case, when rightly construed, does not support the petitioners herein.

We conclude that the order under attack is valid within the limitations of its own provisions as above indicated. The order is therefore affirmed.

Richards, J., Curtis, J., Preston, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.