WASTE, C. J.
 

 Application for mandate. There is pending in the respondent court, and undetermined, an action instituted by petitioner Marjorie Nell Demaree, by her guardian
 
 ad litem,
 
 against C. E. Appling and Charles E. Dawley, to recover from said Appling and Dawley damages suffered by Marjorie Nell Demaree through being struck by an automobile alleged to have been negligently driven and operated at the time by Dawley with the consent of Appling. In a petition seeking an order for examination of Appling, filed in said superior court, it was alleged that Appling carried a policy of insurance, effective at the time of the accident, with the Pacific Indemnity Company, to indemnify him against liability imposed by law on the assured on account of injuries suffered by any person as the result of an accident occurring and caused by reason of the use of the automobile by the assured or anyone driving it with the assured’s con
 
 *101
 
 sent, express or implied. It was alleged, upon information and belief, that the policy of insurance contained an omnibus clause indemnifying any other person operating said automobile with the consent, express or implied, of said Appling against such liability. It was further alleged that, as soon as petitioners recovered a judgment against Appling and Dawley in the pending action, they intended to bring suit on the policy of insurance against the Pacific Indemnity Company, and intended to join Appling and Dawley as proper parties defendant in said suit. It was also alleged that Appling will be a necessary witness at the trial of the anticipated action, that he has knowledge, information and documents pertaining thereto, and that petitioners expect to prove by his testimony, to be adduced at the examination here concerned, that he was in fact insured as petitioners on their information and belief alleged.
 

 On the filing of this petition, the respondent superior court issued its order authorizing the examination of C. E. Appling and the taking of his deposition for the purpose of perpetuating his testimony, and a
 
 subpoena duces tecum
 
 was duly issued, directing Appling to appear before a notary public to testify as a witness in regard to the anticipated controversy, and to bring with him to said examination that certain policy of automobile accident insurance and all attachments relating thereto issued by the Pacific Indemnity Company to Appling as the assured, which policy was in effect at the time of the accident.
 

 Thereafter, counsel for Appling moved the court to vacate the order for examination and to quash the
 
 subpoena duces tecum
 
 issued pursuant thereto. The respondent court denied the motion. The date for the taking of the deposition having expired, the court made its order directing the clerk to issue a new
 
 subpoena duces tecum
 
 directed to said Appling, similar in form and content to the
 
 subpoena duces tecum
 
 theretofore issued, but fixing another date for the examination. For convenience, and on stipulation of counsel, the taking of the deposition was continued to be taken at another date and before another notary public. On the date agreed upon, Appling appeared before the notary, and it was stipulated by counsel for all parties that his deposition be taken at that time and place for the same purpose and effect as if taken before the notary originally specified in the court’s order. Appling was duly sworn by the notary and was there ex-
 
 *102
 
 a mined by counsel for petitioners. Although directed by the notary to do so, he failed to produce the policy of insurance as directed in the
 
 subpoena duees tecum,
 
 and, during the ensuing examination and interrogation, refused to answer certain material questions then and there propounded to him regarding the insurance policy and its provisions. The questions are, with particularity, set forth in the report of the notary. However, Appling admitted the existence of the policy and that it had been in his possession two days before the examination.
 

 On the filing of a petition for an order to show cause why Appling should not be ordered to produce the policy and answer material questions propounded to him in regard thereto, or be punished for contempt of court, such order was issued. After a hearing thereon before the respondent court, another judge presiding, the court discharged the order to show cause and vacated the previous order of the court for the issuance of the
 
 subpoena duces tecum
 
 requiring Appling to appear and testify and produce the insurance policy. The court now refuses to enforce the original order for examination and perpetuation of testimony in regard to the anticipated controversy on the ground that that order was inadvertent and made by mistake. The court also refuses to issue another
 
 subpoena duces tecum,
 
 or in any manner whatsoever to compel Appling to produce the policy or answer material questions propounded to him in reference thereto. Hence this proceeding for mandate. C. E. Appling and the Pacific Indemnity Company appeared and demurred, generally and for uncertainty, to the petition for mandate.
 

 At the time of the hearing in this court, these demurring parties claimed the writ was uncertain in that it did not appear therein what, if any, judge of the superior court was the object of the writ. At that time, and for reasons explained in the argument, no return to the petition for the writ had been made. Since that date, however, Honorable Edward Henderson, one of the judges of the respondent superior court, in writing accepted the service of the alternative writ of mandate directed to the respondent court, ‘ as though said service had been made on [him] personally ’ and adopted, as. the return of the court to the alternative writ, the demurrer interposed by Appling and the Pacific Indemnity Company. The matter therefore stands as submitted on the appearance of the judge and the demurrer.
 

 
 *103
 
 From the allegations of the petition it appears that the petitioners have met the requirements of sections 2083-2086 of the Code of Civil Procedure. It definitely appears, from the allegations of the verified petition for the order for examination produced to the judge of the court, that the petitioners expect to be parties to an action, and give the names of the persons who, it is expected, will be adverse parties. It also definitely appears that the proof of facts is desired and necessary to establish matters which it may hereafter become material to establish. The name of the witness to be examined and a general outline of the facts expected to be proved also appear. The application, considered also as an application for a
 
 subpoena duces tecum,
 
 sufficiently specifies “the exact matters or things desired to be produced”, and sets forth in sufficient detail the materiality thereof to the issues involved in the case, and sufficiently shows that the witness, Appling, had the insurance policy in his possession or under his control. (Sec. 1985, Code Civ. Proc.)
 

 We think it must be conceded that the provisions of the policy of insurance are germane to petitioners’ cause and material to their anticipated action, when and if brought. We are of the view, therefore, that the applicants laid a sufficient basis for the issuance of the order providing for the perpetuation of testimony and the production of the insurance policy.
 

 If an answer be deemed necessary to the further objection, raised and argued at the hearing, that the petition did not sufficiently designate a judge of the superior court against whom the writ was sought, that objection has been disposed of by the written acceptance and consent of Judge Henderson, one of the judges of the court. (See
 
 Alexander
 
 v.
 
 Superior Court,
 
 91 Cal. App. 312, 317 [266 Pac. 993];
 
 Goble
 
 v.
 
 Appellate Department, Superior Court,
 
 130 Cal. App. 737 [20 Pac. (2d) 345].)
 

 Respondent's principal contention seems to be that to permit the examination and to require the production of the insurance policy in question would result in unreasonable search and seizure, in violation of the provisions of the Constitution. The authorities cited in support of this contention fail, in our judgment, to meet the case. They relate, for instance, to a subpoena to produce “all books”, without specific description of particular and material documents.
 
 (Ex
 
 
 *104
 

 parte Clarke,
 
 126 Cal. 235 [58 Pac. 546, 77 Am. St. Rep. 176, 46 L. R. A. 835].) In
 
 Funkenstein
 
 v.
 
 Superior Court,
 
 23 Cal. App. 663 [139 Pac. 101], it was sought to inspect books without showing that any certain book was material; and in
 
 Pyper
 
 v.
 
 Jennings,
 
 47 Cal. App. 623 [191 Pac. 565], the subpoena referred to “certain books”, without showing that any book or document contained evidence relevant or material to the issue before the court.
 

 The comparatively recent decision of this court in
 
 Kutner-Goldstein Co.
 
 v.
 
 Superior Court,
 
 212 Cal. 341 [298 Pac. 1001], sufficiently disposes of the issue. The author of the opinion in that case reviews the question at length, and says (p. 345): “Ordinarily nothing more than the statutory requirements is necessary to be shown in the application and the courts of this state have so stated on several occasions” (citing leading previous decisions sustaining the point).
 

 Let the peremptory writ of mandate issue as prayed for.
 

 Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.
 

 Rehearing denied. Langdon J., voted for a rehearing.