[L. A. No. 21924. In Bank. Sept. 25, 1951.]

SUPERIOR INSURANCE COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SALLY PRISCILLA HAYS, Real Party in Interest.

Joseph W. Jarrett and Robert L. Moore for Petitioners.

Parker, Stanbury, Reese & McGee, as Amici Curiae on behalf of Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Belli, Ashe & Pinney, as Amici Curiae on behalf of Respondent and Real Party in Interest.

Paul Leiter and Edward I. Pollock for Real Party in Interest.

SCHAUER, J.—Petitioners seek mandamus[1] to compel respondent superior court to vacate an order for perpetuation of testimony and to quash a subpoena duces tecum issued in connection therewith. We have concluded that the testimony and the documents sought are within the scope of the statutory proceedings for perpetuation of testimony, and that the relief asked should be denied.

Sally Hays, the real party in interest, filed in respondent court an application for perpetuation of testimony under sections 2083 and 2089 of the Code of Civil Procedure, in which she alleges: She expects to be a party to an action in respondent court against Paul Witten and Superior Insurance Company (petitioners herein) to enforce payment of a judgment which she expects will be rendered in her favor and against Witten in an action pending in such court against Witten and others for personal injuries arising out of an automobile accident; the facts expected to be proved (in the deposition) are the existence of automobile casualty insurance contracts insuring Witten against liability for personal injuries and property damage and the provisions of the insurance policies, including the effective dates and the amounts of insurance. The superior court granted the application and ordered the taking of the depositions of Witten and one F. O. Hoffman. Hoffman is president of Superior Insurance Agency, Inc., the sole agent of petitioner Superior Insurance Company, a Texas corporation, for the writing of certain types of casualty insurance in this state; he is also the agent

[1] By petition first filed in the District Court of Appeal, Second Appellate District, and transferred to this court on petition for hearing after granting of the peremptory writ below.

appointed by the petitioner company for the service of process in California. The court also ordered the issuance of subpoenas duces tecum requiring Witten to produce all liability policies insuring him on the date of the accident together with receipts for premiums and notices or correspondence pertaining to the effective periods of such policies; and requiring Hoffman to produce "all policies of insurance issued to" and covering Witten "for liability for personal injury and property damage in effect on" the date of the accident, "together with all records of receipts for premiums paid by . . . Witten pertaining to said policies and all records and correspondence pertaining to the effective dates of said policies."

Petitioners moved in respondent court to quash the subpoenas and to vacate the order for perpetuation of testimony, their motion was denied, and Witten and Hoffman appeared for the taking of their depositions. At the deposition Hoffman testified that Superior Insurance Company had issued a policy of liability insurance covering Witten, which was in effect on the date of the accident; that "Our investigation has revealed no policy defenses," but that he is not an officer of the insurance company and did not have authority to bind it by a statement that it would pay the limits of the policy and would not interpose any defenses, or that it would "permanently and safely preserve and make available all policies at any time after an action is instituted"; he produced "specimen policies" which he stated to be "an accurate and true and correct reproduction of" the policy issued to Witten, with the exception of the amount of policy limits of insurance and the premiums paid; he refused to testify to the policy limits and, except for the specimen policies, did not produce the documents required by the subpoena duces tecum, although he testified that he had such documents and offered to "file them as a sealed instrument with the Clerk of the Superior Court." Witten produced no documents and refused to testify as to the policy limits.

Hoffman was thereupon ordered to show cause before the superior court why he should not answer the disputed questions; also pending in that court is an order to show cause why the documents should not be produced. Before the hearings on such orders an alternative writ was issued in this mandamus proceeding. Petitioners ask that the peremptory writ be granted either quashing the subpoenas duces tecum and vacating "in its entirety" the order for the taking of

the depositions, "or in the alternative quashing said subpoenas duces tecum and amending" such order so as to limit the oral examination of the witnesses to testimony as to whether automobile liability insurance was in effect on the date of the accident, whether there are any known policy defenses, whether premiums have been paid, and "whether said insurance company will satisfy any final judgment rendered against Paul Witten as a result of the personal injury action referred to in said petition to the full contractual indemnity liability under said policy of insurance."

█ It is settled that mandamus is a proper remedy if upon the facts shown the challenged order should be vacated or the subpoena quashed. (See *Brown* v. *Superior Court* (1949), 34 Cal.2d 559, 561-562 [212 P.2d 878].) **[2]** Here, as in *Demaree* v. *Superior Court* (1937), 10 Cal.2d 99, 103 [73 P.2d 605], it appears that the application to take the deposition meets the requirements of sections 2083-2086 of the Code of Civil Procedure in that it is shown by such application that the applicant expects to be a party to an action; the names of the persons who it is expected will be adverse parties are given as well as the names of the witnesses to be examined; a general outline of the facts expected to be proved is stated; and it further appears that the proof of such facts is desired and necessary to establish matters which it may hereafter become material to establish. In that case it was held that "[I]t must be conceded that the provisions of the policy of insurance are germane to . . . [the applicants'] cause and material to their anticipated action, when and if brought. We are of the view, therefore, that the applicants laid a sufficient basis for the issuance of the order providing for the perpetuation of testimony and the production of the insurance policy." (See, also, *Kutner-Goldstein Co.* v. *Superior Court* (1931), 212 Cal. 341, 345 [298 P. 1001].) Mandate was granted to compel the trial court to issue the subpoena and order the witness to testify with reference to the policy.

█ Petitioners in the instant case seek to distinguish the Demaree holding, urging that there the material fact sought to be established was whether the liability insurance policy covered the defendant driver of the automobile involved in the accident as well as the owner thereof, whereas here it is the policy limits that are sought. The attempted distinction is not persuasive. From the opinion in Demaree it appears that the applicants there sought to establish by the testimony of the defendant automobile owner that "he was in fact in-

sured," as well as to compel him to produce his policy. The witness appeared at the deposition but "failed to produce the policy of insurance as directed in the *subpoena duces tecum*, and, during the ensuing examination and interrogation, refused to answer certain material questions then and there propounded to him regarding the insurance policy and its provisions. The questions are, with particularity, set forth in the report of the notary. However, . . . [the witness] admitted the existence of the policy and that it had been in his possession two days before the examination." (Pp. 101, 102 of 10 Cal.2d.) The holding is that the policy itself must be produced and that the witness may not be permitted to confine his testimony to the fact that insurance exists.

■ The Demaree case specifically rejects the contention that to require the production of the insurance policy "would result in unreasonable search and seizure, in violation of the provisions of the Constitution." (P. 103.) ■ Petitioners here urge, however, that "the sanctity of a private contract should not be subjected at this time . . . to inspection and review merely because someone alleges that some day he expects to sue another 'to enforce payment of a judgment' expected to some day be obtained." A sufficient answer to such contention is found in the fact that an automobile liability policy evidences "a contractual relation created by statute which inured to the benefit of any and every person who might be negligently injured by the assured as completely as if such injured person had been specifically named in the policy," i.e., a contractual relation is "created between the insurer and third parties." (*Malmgren* v. *Southwestern Auto Ins. Co.* (1927), 201 Cal. 29, 33 [255 P. 512]; see *Abrams* v. *American Fidelity & Cas. Co.* (1948), 32 Cal.2d 233, 234 [195 P.2d 797]; Ins. Code, § 11580; 2 Cal.Jur. 10-Yr. Supp. 145 and cases there cited.) ■ The provisions of such a policy are not, therefore, a matter for the sole knowledge of the named assured and the insurance carrier to the exclusion of the injured person; the very pendency of an action by the injured person brought in good faith against the named insured person gives the former a discoverable interest in the policy.

Petitioners urge that "to permit further perpetuation of testimony for the sole purpose of discovery of policy limits would be contrary to the rule of *New York Cas. Co.* v. *Superior Court* (1938), 30 Cal.App.2d 130, 132 [85 P.2d 965], that such proceedings must be maintained in good faith and for

a legitimate purpose and not be oppressive." The case is not in point. There Burford, the injured person, had already recovered judgment against the automobile driver and owner, respectively; the owner had appealed; and Burford had sued the insurance carrier. The documents sought were the carrier's "confidential reports and investigation of the accident . . . [which] had all been procured for the special use of the attorney for the company, and were in his possession," and the questions put to the automobile owner were the same "which were put to him and answered in the main action, and which are fully 'perpetuated' in the record on appeal." The court declared that "The entire deposition proceedings are obviously taken in bad faith and for no legitimate purpose. They can result in nothing but oppression to the witnesses and an invasion of the legal rights of the parties. The particular order here under attack [that petitioners "answer certain questions," and "produce private documents"] must be annulled as in excess of the jurisdiction of the trial court." The present controversy presents no such situation.

 Petitioners' further argument that knowledge of the policy limits is sought in order to provide an undue and oppressive advantage in negotiations for settlement of the personal injury action also appears to be without merit. How knowledge by the plaintiff in that action of facts which are known to defendants therein, concerning the policy or policies in which plaintiff will have an enforceable interest if she recovers, could give her an "undue and oppressive advantage" in negotiations for a settlement does not appear. And whether such knowledge by plaintiff would tend to benefit plaintiff or defendants might depend to a material extent upon the relationship between the seriousness of the injuries which resulted from the accident and the amount of insurance coverage provided by the policy; conceivably, knowledge of low policy limits might constitute a benefit to defendants by tending to discourage a seriously injured plaintiff from holding out for a settlement commensurate with the extent of the injuries.

 We have been cited to no authority and are aware of none which would support petitioners' offer to file the documents "as a sealed instrument" with the superior court clerk or which would permit them to avoid production of the policies on the promise to "preserve these records and make them available after any final judgment is obtained in any personal

injury action." Such an offer, however, may be compared to the offer of any other witness seeking to escape questions on a deposition to confide his testimony under seal to the court, or his promise to reveal the facts on a subsequent date. No authority or substantial reason for innovating such a limitation in our statutory perpetuation proceeding as applied here has been suggested.

The alternative writ is discharged, and the peremptory writ denied.

Gibson, C. J., Shenk, J., Carter, J., and Spence, J., concurred.

EDMONDS, J.—The conclusion that an injured person has a "discoverable interest" in the contract insuring the liability of the tort feasor whenever an action is pending against the named insured, misconceives the relationship of the parties. The demand of Sally Hays to examine the policy by way of perpetuation of testimony is based upon the assertion that she expects to sue Superior Insurance Company and its insured in the event that she obtains a judgment against him. But such litigation will not be to "recover" a loss under the policy; properly classified, it is an action to be reimbursed for damages suffered (*Olds* v. *General Acc. F. & L. Assur. Corp.*, 67 Cal.App.2d 812 [155 P.2d 676]).

The primary purpose of allowing an injured person to sue the insurer is to protect the judgment creditor against the bankruptcy or insolvency of the debtor. (*Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 P.2d 999, 85 A.L.R. 13].) The express terms of the policy, authorized by statute (Ins. Code, § 11580), provide that before commencing the action the injured person first must secure a judgment against the insured. He cannot join the insurer as a party defendant. (*Corum* v. *Hartford Acc. & Indem. Co.*, 67 Cal.App.2d 891 [155 P.2d 710]; *Van DerHoof* v. *Chambon*, 121 Cal.App. 118 [8 P.2d 925]; see 32 Cal. L. Rev. 202.)

As no liability accrues as an enforceable claim against the insurer until the judgment against the insured becomes final (*Levy* v. *Superior Court*, 74 Cal.App. 171 [239 P. 1100]), Miss Hays has no present rights under the insurance policy. If she obtains a final judgment, she will have the right accorded by section 11581 of the Insurance Code which provides: "Upon any proceeding supplementary to execution, such judgment debtor may be required to exhibit any policy car-

ried by him, insuring him against the liability for the loss or damage for which judgment was obtained.''

In the present proceeding, the petitioner has admitted that a policy insuring Paul Witten, the defendant in the pending action, was in effect on the date of the accident. At the time the challenged order was made, the insurer stated that there were no known defenses to an action on the policy and none was anticipated. The contract is described by the insured as a standard automobile public liability and property damage policy approved by the Insurance Department, and it declares that all policy records will be preserved.

None of these statements is challenged, but Miss Hays claims to be entitled to know the amount of the maximum liability of the insurer and the premiums paid on the policy. These facts are not germane to any issue which may be presented in the action against the insured; obviously the sole purpose of the present proceeding is to obtain information which will aid in negotiating for a settlement. This is not within the legitimate purview of the statutes providing for the perpetuation of testimony and the issuance of a subpoena duces tecum.

Under the rules which have been stated, *Demaree* v. *Superior Court*, 10 Cal.2d 99 [73 P.2d 605], was improperly decided and should be overruled. Applying those rules to this proceeding, Miss Hays presently has no ''discoverable interest in the policy'' and the writ of mandate should issue.

Traynor, J., concurred.

Petitioners' application for a rehearing was denied October 22, 1951. Edmonds, J., and Traynor, J., voted for a rehearing.