[Civ. No. 18946.   Second Dist., Div. Three.   May 15, 1952.]

FRANCHOT TONE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FLORABEL MUIR et al., Real Parties in Interest.

Herzbrun & Chantry and Stahlman & Cooper for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Hahn, Ross & Saunders for Real Parties in Interest.

SHINN, P. J.—By his petition for writ of mandate, petitioner Tone represents that he heretofore filed in the superior court a petition for examination of witnesses pursuant to the provisions of sections 2083 to 2089, inclusive, of the Code of Civil Procedure. He sought an order for the examination by deposition of Florabel Muir, Betty Voight, Elizabeth Cosgriff and Richard Barron, for the purpose of perpetuating their testimony for use in an action which he expects to institute against said persons claiming damages for the invasion of his right of privacy. He accused said persons as conspirators who acted in concert in listening in and recording a series of telephone conversations, messages and communications by and between the petitioner Tone and a young woman then known as Barbara Payton. In the petition it appears that Barbara Payton had a party line telephone, upon which the said Elizabeth Cosgriff was a subscriber. It was alleged that during the month of September, 1951, the said prospective defendants and each of them listened in and recorded said telephone conversations between said Tone and Barbara Payton, and that in so doing they acted unlawfully, fraudulently, clandestinely, in an unauthorized manner and without the permission of the telephone company, using the telephone of said Elizabeth Cosgriff; all of this was without the knowledge or consent of Mr. Tone and Miss Payton. It was also alleged that said prospective defendants and each of them disclosed and published, and attempted to disclose and publish, the substance and purport of said telephone conversations, and that all of their acts were and are in violation of certain statutory enactments. Upon said petition it was duly ordered that said named persons submit to examination and deposition on a day and at a place named, on due service of a copy of said order and said petition.

Prior to the time set for the taking of the deposition, Florabel Muir, by her counsel, gave notice of motion to vacate the order for the examination of witnesses upon the ground that the petition was not filed in good faith, but solely for the

purpose of harassing and annoying the said Florabel Muir. It is alleged in the petition filed herein that the court granted the motion and vacated and quashed the order for the examination of said witnesses. It is also alleged that the testimony of each of said witnesses is material and essential to establish the action petitioner expects to institute against them. Petitioner seeks mandate requiring the superior court to vacate its order which vacated and set aside the order for examination of said witnesses and to reinstate the said former order.

The question before us is whether the court abused its discretion in making the order here in question, and this in turn depends upon the facts set forth in the affidavit of Florabel Muir which accompanied her notice of motion. It is a lengthy affidavit, carefully drawn. It consists largely of conclusions and in its denials makes prolific use of the negative pregnant. It contains a denial that the affiant *and* any of the other prospective defendants listened in *and* recorded any telephone conversations, and a denial that they were acting in concert *and* for profit, or violated the right of privacy of the petitioner, and a denial that they violated any law. It alleged that an altercation had taken place in a restaurant between said Tone and said Muir, as a result of which Tone was being prosecuted criminally, and that he had thereby become embittered toward the said Florabel Muir and was seeking to take her deposition merely to annoy and harass her. There was nothing whatever in this showing which justified the order vacating the order for the examination of said witnesses. It was not denied that some of the prospective defendants had listened in on said telephone conversations and had published, or caused to be published, the same. We have looked for any forthright assertion of a material fact in said affidavit and find none. Although it was alleged that the petition was filed in bad faith and not in anticipation of any expected litigation, that allegation is not sufficient to deprive one of a statutory right.

Mandate is a proper remedy, and a writ will be issued to require procedure to perpetuate testimony where the petition for the order complies with section 2084 of the Code of Civil Procedure. Nothing more than this is required. (*Brown* v. *Superior Court,* 34 Cal.2d 559 [212 P.2d 878] ; *McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386 [159 P.2d 944] ; *Strauss* v. *Superior Court,* 36 Cal.2d 396 [224 P.2d 726] ; *Irving* v. *Superior Court,* 79 Cal.App. 361 [249 P. 236] ;

*Kutner-Goldstein Co.* v. *Superior Court,* 212 Cal. 341 [298 P. 1001].)

The problem here is simplified by the nature of the objections urged to an issuance of the writ, and also by significant omissions of other grounds of objection. It is pointed out that the petition in the superior court contained allegations in the nature of conclusions, but with respect to the sufficiency of the facts alleged it is merely said: "It would seem that the balance of the Petition does not set forth sufficient facts that would warrant the court in ordering the depositions to be taken." It is also urged that by answering the questions which it is anticipated would be put to them the witnesses would tend to incriminate themselves, and it is said that Florabel Muir is a newspaper writer and that to require her to disclose the sources of information procured for publication would abuse her privilege to keep her sources of information a secret. We find nothing in the record which indicates that Florabel Muir is a newspaper woman, but if she is, and if she or any of the others would have a valid reason for refusing to answer questions, the time and the place for them to object will be in the taking of their depositions. None of the grounds urged in opposition to the granting of a writ is meritorious.

The petition filed in the superior court stated, (1) the applicant expected to be a party to an action and it named the prospective defendants, (2) it named the witnesses to be examined and a general outline of the facts expected to be proved, and thus complied with the essential conditions specified in section 2084, Code of Civil Procedure. This was sufficient to require the court to make the order applied for.

Let a writ of mandate issue directed to the superior court, requiring it to vacate its order vacating the order for the taking of the depositions of said named witnesses, and to proceed further in accordance with the findings herein expressed.

Wood (Parker), J., and Vallée, J., concurred.

Real Parties in Interest's petition for a hearing by the Supreme Court was denied July 10, 1952.