[Civ. No. 19295. Second Dist., Div. Three. Dec. 30, 1952.]

JOHN MacLEOD et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; RUTH NORRIS, Real Party in Interest.

Hill, Farrer & Burrill, Elliott H. Pentz, William McD. Miller, Latham & Watkins, Austin H. Peck, Jr., and John S. Welch for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondents.

Vaughan, Brandlin & Wehrle and Warren J. Lane for Real Party in Interest.

WOOD (Parker), J.—This is an original proceeding in mandamus to require the superior court to set aside its order authorizing the taking of depositions to perpetuate testimony.

Ruth Norris filed an application in the superior court for an order authorizing the examination of witnesses, in which she alleged that: She expects to be a party to an action in the superior court of this state. She expects the adverse parties to be John MacLeod, Fred H. Brown, Elizabeth MacLeod, George W. Loring, Highland Builders, Inc., and Macco Corporation (setting forth the address of each one). She is, and has been since January 10, 1948, an owner of common stock in Macco Corporation. At all times therein mentioned John MacLeod is and was a director and president of Macco, Elizabeth McLeod was his wife, Fred H. Brown was a director and

officer of Macco, and George W. Loring was an attorney for Macco. At all times therein mentioned Fred H. Brown was a director and president of Highland Builders, Inc., a corporation, and Elizabeth MacLeod was a director and secretary of Highland Builders. At all times therein mentioned Fred H. Brown, George W. Loring and Elizabeth MacLeod were the agents of John MacLeod. Upon information and belief, Ruth Norris alleges that prior to June 3, 1944, Macco entered into a contract, performance of which is not yet completed, to build an addition to Mills Field Airport, and to furnish the sand, gravel, dirt and other fill material; about June 13, 1944, John MacLeod caused Highland Builders, through his · agents Brown, Elizabeth MacLeod and Loring, to purchase certain real property, referred to as the "quarry property," located within 3 miles of Mills Field; said quarry property was purchased for the purpose of selling earth therefrom to Macco for its use in performing its contract to enlarge Mills Field and other construction work; the purchase price of the quarry property was $51,500, of which amount $15,000 was paid in cash and the balance was payable in seven monthly installments—the first on July 1, 1944, and the last on January 1, 1945; from July 1, 1944, to the present, Highland Builders has sold Macco large quantities of gravel, rock and other fill materials which Macco used in extending Mills Field and in other construction work, and that Highland Builders received large profits from said sale. The quarry property was needed by Macco in its ordinary operations, particularly in the performance of its contracts at Mills Field, which need was known by John MacLeod and the other petitioners herein. The purchase by Highland Builders constituted the seizure of a corporate opportunity, and by reason of said seizure Macco Corporation sustained damages in excess of $50,000. Said mentioned adverse parties, except Macco, have received large profits and advantages, and all of the profits and advantages which they have received and which they will receive in the future are the property of Macco and are held by said adverse parties as constructive trustees for the use and benefit of Macco. By reason of the purchase of the quarry property and of the sale of sand and other materials therefrom to Macco, John MacLeod and Fred H. Brown violated their fiduciary duties as directors and officers of Macco. John and Elizabeth MacLeod, Fred H. Brown and George W. Loring will be necessary and material witnesses for Ruth Norris in the trial of the expected action, and they have knowledge,

information and documents pertaining to the facts, in regard to which such action is expected, which will be necessary and material evidence therein. Ruth Norris expects to prove and establish by their testimony and documents all the facts above set forth.

On January 25, 1952, the superior court made an order directing that the petitioners herein be examined and their depositions taken in accordance with the provisions of section 2086 of the Code of Civil Procedure.

Thereafter, petitioners made motions for an order vacating the said order for examination of petitioners on the grounds, among others, that the application of Ruth Norris does not state facts sufficient to entitle her to such examination of witnesses; that she was never at any time a stockholder of Macco Corporation, dissolved on January 5, 1948; that she did not become a registered stockholder until August 9, 1950; and that it affirmatively appears from the application that the transaction of which she complains occurred in 1944 and that she was not a shareholder at that time.

In support of said motions, two affidavits of H. O. Miller were filed in which it is recited that Mr. Miller is a trust officer of Citizens National Trust and Savings Bank and, as such, is the official custodian of the stock register of Macco Corporation; and that Ruth Norris first became a registered shareholder of Macco Corporation on August 9, 1950. An affidavit of W. B. Von Kleinsmid was also filed, in support of one of said motions, which recited that Macco Construction Company was organized on January 31, 1929; on September 5, 1946, said corporation changed its name to Macco Corporation; on January 5, 1948, said corporation was dissolved; from November 1, 1943, to and including January 5, 1948, Mr. Von Kleinsmid was the secretary of said corporation and had custody of the records of said corporation; Ruth Norris was never a stockholder of said Macco Corporation, now dissolved; on October 8, 1947, Macco Corporation of California was organized, and on January 6, 1948, it changed its name to Macco Corporation; Mr. Von Kleinsmid is and has been since October 16, 1947, the secretary of said corporation and has custody of the records of said corporation; the name of Ruth Norris did not appear on the records of said corporation as a stockholder until August 9, 1950. Ruth Norris filed an affidavit, in opposition to said motions to vacate the order for examination of petitioners, in which it was recited that on January 10, 1948, she and her husband acquired, out of com-

munity funds, common stock of Macco Corporation, which stock was registered in her husband's name; that on October 5, 1951, she acquired said stock as her separate property and it was registered in her name on March 17, 1952.

The superior court made an order denying said motions of petitioners; and it made a further order setting a time for taking the depositions and ordering petitioners to comply with the order for examination made on January 25, 1952.

It is alleged in the petition for a writ of mandamus herein that the orders made in said proceeding to perpetuate testimony are without the jurisdiction of the superior court, in that, said application of Ruth Norris shows on its face that she can never become a party to the action contemplated by her.

Petitioners contend that the application for the order to perpetuate testimony should show that the applicant, Ruth Norris, was a registered shareholder of Macco at the time of the transaction or during a part of the transaction. Their contention is based upon section 834 of the Corporations Code which provides in part: "(a) No action may be instituted or maintained in the right of any . . . corporation by the holder . . . of shares . . . of such corporation unless . . .: (1) The plaintiff alleges in the complaint that he was a registered shareholder . . . at the time of the transaction or any part thereof complained of. . . ." They argue that "the transaction," whereby Highland Builders allegedly seized a corporate opportunity of Macco, was the buying of the quarry property; that the transaction was commenced in June, 1944, and ended in January, 1945; that Ruth Norris was not a registered shareholder of Macco at any time during the transaction, and her application shows that she cannot become a party to the action contemplated by her.

Respondent Ruth Norris argues that the transaction was a continuing scheme—the corporate opportunity was not only the buying of the quarry property but the continued supplying of material from the quarry to Macco; and she asserts that she has been an owner of stock in Macco since January 10, 1948.

Section 2084 of the Code of Civil Procedure requires that an application for an order to perpetuate testimony must state: "1. That the applicant expects to be a party to an action in a court of this state, and, in such case, the names of the persons whom he expects will be adverse parties; or, 2. . . .; and, 3. The name of the witness to be examined, his place of residence, and a general outline of the facts expected

to be proved. . . ." ▮ If the application for the order complies with said section 2084, nothing more is required. (*Tone* v. *Superior Court,* 111 Cal.App.2d 110, 112 [244 P.2d 13]; see, also, *Strauss* v. *Superior Court,* 36 Cal.2d 396, 400 [224 P.2d 726], and *Demaree* v. *Superior Court,* 10 Cal.2d 99, 103 [73 P.2d 605].) The allegations of the application herein, as above shown, comply with the requirements of subdivisions 1 and 3 of said section. It was alleged that the applicant expected to be a party to an action in this state, the names of the persons expected to be adverse parties, the names of the witnesses to be examined and their addresses, and a general outline of the facts expected to be proved.

In *Kutner-Goldstein Co.* v. *Superior Court,* 212 Cal. 341 [298 P. 1001], the applicant for an order to perpetuate testimony named two persons and a corporation as expected adverse parties, and he alleged that the two persons were in control of the corporation, and that he expected to prove by the witnesses certain facts concerning illegal transactions between the two persons relating to unlawful practices in business transactions and dealings between the said corporation and other corporations. The superior court therein made an order directing examination of the witnesses. In a petition for a writ of review in that case, the prospective adverse parties alleged, among other things, that the court was without jurisdiction to issue the order for the reason, among others, that the application "contained no averment respecting the issues to be tried in said action, or of the interest" of applicant in the expected controversy. In their petition for a hearing in the Supreme Court, they asserted that there was no showing that the applicant was a stockholder or a creditor of the corporation. In affirming the order therein to perpetuate testimony, the Supreme Court stated, at page 344, that an examination of the application to perpetuate testimony "discloses a literal compliance with subdivisions 1 and 3 of section 2084 of the Code of Civil Procedure," and that (page 345) ordinarily "nothing more than the statutory requirements is necessary to be shown in the application."

It is to be noted that the present proceeding does not involve the issuance of a subpoena duces tecum. As was stated in the Kutner case, pages 346 and 347, "When the order of the court and the proceedings otherwise do not direct the issuance of a *subpoena duces tecum* or the production of books, records, or other documents we find no necessity for the extension of the requirements of the petition beyond those

specified on the face of our code section. But when the order or the subpoena issued pursuant thereto does direct the production of books, records or other documents, section 19 of article I of the Constitution intervenes as a protection against unreasonable searches and seizures. . . . And if the examination should proceed to the point of requiring the production of the records or papers of the petitioner corporation, the witnesses would be justified in refusing to produce the same and in continuing so to refuse until confronted with an order based upon a showing sufficient to safeguard the rights of interested parties under the constitutional guaranty above referred to.''

A subpoena duces tecum was not sought herein. The application to perpetuate testimony complied with the provisions of the statute.

Peremptory writ of mandate is denied. The alternative writ is discharged.

VALLÉE, J.—I concur. I do so only because the Supreme Court says that literal compliance with the statute is sufficient. In my opinion, the rule stated in *Irving* v. *Superior Court,* 79 Cal.App. 361 [249 P. 236], should be followed. The statute, as written, permits a proceeding brought for the sole purpose of annoying, harassing or embarrassing another, or for some ulterior object. It permits one who does not have a cause of action to indulge in a meddlesome fishing expedition. That I think is this case. It should not be permitted. But the remedy lies in the field of legislation, and not in the creation of exceptions or qualifications under the guise of interpretation of the statute.

Shinn, P. J., concurred.

A petition for a rehearing was denied January 27, 1953, and petitioners' application for a hearing by the Supreme Court was denied February 26, 1953. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.