## Waksman v. Walker

*Stephen M. Feldman,* for plaintiff.
*Harry M. Atkins,* for defendant.

ULLMAN, J., February 9, 1968.—Plaintiff in this trespass action has propounded two interrogatories as to whether defendant is insured and as to the limits of coverage. Inquiry is made as to whether defendant is "insured by any public liability insurance applicable to this accident". Defendant objected to the interrogatories, on the ground that the information is

irrelevant to plaintiff's cause of action, and on the ground that the information is sought in violation of the provisions of Pennsylvania Rule of Civil Procedure 4011(a), (c) and (d).

There are no pertinent factual disputes before us and the parties have agreed that we may consider the facts recited at the time of argument. Plaintiff was quite seriously injured as a pedestrian in an automobile accident on November 3, 1966, and was hospitalized from that day to August 29, 1967. The hospital bill alone is stated to be $10,869.40.

Pa. R. C. P. 4005(a) authorizes interrogatories to an adverse party subject only to the limitations of Pa. R. C. P. 4011, which we need not consider here. Pa. R. C. P. 4005(c) recites that such "interrogatories may relate to any matters which can be inquired into under Rule 4007".

Rule 4007 provides as follows:

*"Discovery. Depositions. Scope of Examination. Notice.*

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

Plaintiff vigorously contends that the question of insurance coverage "is relevant to the subject matter" and "will substantially aid in . . . the preparation . . . of the case".

There is a surface and glittering attraction to the initial contention that the existence or nonexistence

of insurance is irrelevant to the issues of liability and damages in a trespass action. However, an in-depth appraisal of the real and substantive factors in the litigation process makes it patent that the existence or nonexistence of insurance coverage and the extent thereof may frequently be the only real problems involved, and they are really not only relevant, but may well be crucial to the disposition possibilities of the case.

A judicial system should and must respond to its own needs. The greatest single problem facing the courts today is the one of calendar congestion. The simple fact is that there are economic forces which tend to resist correction of this congestion and which secure advantage from the delay in case disposition. We, therefore, begin our inquiry with a frank recognition that, as a matter of policy, the concealment of the fact and scope of insurance may be used to and may serve to further the cause of delay and intensify calendar congestion.

Pennsylvania Rule of Civil Procedure 126 provides us with a usable guide and rule of construction by stating that the rules are ". . . to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable" and for that purpose "The rules shall be liberally construed".

As indicated above, we prefer that the basis of our decision be a frank recognition of both the validity and legitimacy of our conclusion that the compulsory disclosure of insurance coverage will aid in cutting into the backlog of cases which jam our dockets. We are of the opinion that the settlement process is unquestionably a part of the case process and that the courts are fully empowered to further the settlement process. In order to prepare properly for trial, an attorney *must* in good faith also make proper and legitimate efforts to settle.

Counsel for plaintiff has impressively contended that preparation of a case usually includes preparation for settlement negotiations, whether in pretrail procedures, at trial, or in private discussions. Discovery procedures, genuinely calculated to promote settlement, must be regarded as highly appropriate and it is unrealistic to limit discovery solely to evidentiary matters. The fact that settlement discussions are to a startling degree the real effective result of the judicial process is exemplified by the following figures which Mr. Feldman, as plaintiff's counsel, has submitted to us from our administrator's office with regard to the Philadelphia Consolidated Jury Trial List:

|                           | 1965 | 1964 | 1963 |
|---------------------------|------|------|------|
| Cases settled out of court| 2764 | 3554 | 2133 |
| Settled at trial          | 274  | 164  | 211  |
| Tried to verdict          | 187  | 143  | 176  |

The simple point is that it should be known with whom discussions are being had.

The only Commonwealth cases called to our attention by counsel are Covert v. Cingolani, 1 Butler 65 (C. P. Butler Co., 1956), and Howell v. Spatz, 14 D. & C. 2d 295 (C. P. Montg. Co., 1958). In both cases, discovery as to insurance coverage was disallowed. The Covert case cited Kaplan v. Loev, 327 Pa. 465 (1937), in which it is held that the fact of insurance is irrelevant in a trespass action. The Kaplan case held that the fact of insurance is not admissible at trial. Prior to 1954 admissibility at trial was a requirement for discovery, but that is no longer the test. See Williams v. Triangle Publications, Inc., 19 D. & C. 2d 226 (C. P. 1, Phila., 1959).

In the Howell case it was held that an insurance policy is a "private contract" and is "privileged" from disclosure by article 1, sec. 8, of the Pennsylvania Constitution prohibiting unreasonable searches. We do

not agree with the rationale of that decision, and we do not believe that reasonable discovery rules can be negated by such constitutional provisions. The argument has been specifically rejected in other States. See Superior Ins. Co. v. Superior Ct., 37 Cal. 2d 749, 235 P. 2d 833, 835 (1951); Lucas v. District Court, 140 Colo. 510, 345 P. 2d 1064, 1074 (1959).

We regard the question before us as one which has not been resolved by appellate authority and, of course, we are not bound by the foregoing decisions of courts of coordinate jurisdiction.

In Slomberg, Admr. v. Pennabaker, United States District Court for the Middle District of Pennsylvania, 42 F. R. D. 8, this precise question was considered in the middle district and in a well-reasoned opinion the court ruled that, after conference, the judges of the district were in agreement that it was proper to inquire whether an automobile liability insurance policy exists and as to the limits thereof.

Judge Follmer pointed out that in Kiernan v. Van Schaik, 347 F. 2d 775 (C. C. A. 3, 1965) the United States Court of Appeals for the Third Circuit ruled that it was proper and relevant to question prospective jurors on their voir dire as to whether they are employed by or are stockholders or agents for or in a casualty insurance company or whether they ever worked as claims investigators or insurance adjusters. Therefore, it was noted that it is relevant to know whether the real party in interest is an insurance company. Judge Follmer stated:

"Since this is the practice (questions on voir dire) in this circuit, it would clearly be relevant to know whether the real party in interest is an insurance company, rather than the individual defendant. It

can be argued that whether or not there is insurance, such a juror could be biased, but this is no answer. If there is an insurance company involved in the case, it would be even more important to discover this in preparation for the case. Since interrogation of the prospective jurors concerning their interest or connection with an insurer is permitted for the purpose of determining their qualifications, the plaintiff should be allowed to discover whether liability insurance exists and the name of the carrier. The insurance company is the real party in interest, when a policy exists, and to effectively exercise his challenges, the plaintiff should know who the real defendant is".

The authorities are divided on this question of compulsory disclosure of the existence of liability insurance and the limits of liability. See annotation in 41 A. L. R. 2d 968. In 4 Moore F. P. 2d 1189 (2d ed., 1966), it is stated that the sounder view is to require disclosure as to whether there is insurance and the name of the company and the limits of liability and the terms of the policy.

In the Federal courts, the decisions are divided. Discovery was allowed in the following United States District Court decisions: Cook v. Welty, 253 F. Supp. 875 (D. D. C., 1966); Hodges v. Heap, 40 F. R. D. 314 (D. N. D., 1966); Ash v. Farwell, 37 F. R. D. 553 (D. Kan., 1965) decided by Judge Templar (with an opposite result reached by Chief Judge Stanley in Loudon v Patterson, No. KC-1430, decided Jan. 14, 1961, and unreported); Hurley v. Schmid, 37 F. R. D. 1 (D. Ore., 1965); Furumizo v. United States, 33 F. R. D. 18 (D. Hawaii, 1963); Schwentner v. White, 199 F. Supp. 710 (D. Mont., 1961); Johanek v. Aberle, 27 F. R. D. 272 (D. Mont., 1961); Hurt v. Cooper, 175 F. Supp. 712 (W. D. Ky., 1959); and Orgel v. McCurdy, 8 F. R. D. 585 (S. D. N. Y., 1948) with a dif-

ferent result in Di Biase v. Rederi A/B Walship, 32 F. R. D. 41 (E. D. N. Y., 1963).

Discovery was denied in the following United States District decisions: McDaniel v. Mayle, 30 F. R. D. 399 (N. D. Ohio, 1962); Bisserier v. Manning, 207 F. Supp. 476 (D. N. J., 1962) but discovery was allowed in Hill v. Greer, 30 F. R. D. 64 (D. N. J., 1961); Langlois v. Allen, 30 F. R. D. 67 (D. Conn., 1962); Flynn v. Williams, 30 F. R. D. 66 (D. Conn., 1958); Cooper v. Stender, 30 F. R. D. 389 (E. D. Tenn., 1962); and see Brackett v. Woodall Food Products Inc., 12 F. R. D. 4 (E. D. Tenn., 1951) and Hillman v. Penny, 29 F. R. D. 159 (E. D. Tenn., 1962); Roembke v. Wisdom, 22 F. R. D. 197 (S. D. Ill., 1958); Gallimore v. Dye, 21 F. R. D. 283 (E. D. Ill., 1958); and McClure v. Boeger, 105 F. Supp. 612 (E. D. Pa., 1952).

In Rosenberger v. Vallejo, 30 F. R. D. 352 (W. D. Pa., 1962), it was held that each case would be decided on its own merits, and no distinct commitment was made to either allow or refuse such discovery.

Discovery was allowed in the courts of sister States: Miller v. Harpster, 392 P. 2d 21 (Alaska, 1964); Superior Ins. Co. v. Superior Ct., 37 Cal. 2d 749, 235 P. 2d 833 (1951); Pettie v. Superior Court, 3 Cal. Reporter 267 (Cal. App., 1960); Lucas v. District Court, 140 Colo. 510, 345 P. 2d 1064 (1959); People ex rel. Terry v. Fisher, 12 Ill. 2d 231, 145 N. E. 2d 588 (1957); Maddox v. Grauman, 265 S. W. 2d 939 (Ky., 1954). Discovery was denied in Jeppesen v. Swanson, 243 Minn. 547, 68 N. W. 2d 649 (1955); Brooks v. Owens, 97 So. 2d 693 (Fla., 1957).

In the case of People ex rel. Terry v. Fisher, supra, the Supreme Court of Illinois stated as follows (12 Ill. 2d at page 238):

"Unlike other assets, a liability insurance policy exists for the single purpose of satisfying the liability that it covers. It has no other function and no other

value. Litigation is a practical business. The litigant sues to recover money and is not interested in a paper judgment that cannot be collected. The presence or absence of liability insurance is frequently the controlling factor in determining the manner in which a case is prepared for trial. That there will be actual rather than nominal recovery conditions every aspect of preparation for the trial of these cases,—investigators, doctors, photographers and even the taking of depositions. Ordinarily a plaintiff has many sources of inquiry by means of which he can appraise the likelihood that the judgment he seeks will be enforceable. In the case of an insurance policy, however, all the customary channels are cut off. Even if he knows the identity of the insurance company and may know its financial standing, it does not help him, for the company is responsible only within the limits of the policy it has issued.

"In determining whether liability insurance is discoverable by pretrial interrogatories, we must also take cognizance of the role of insurance companies in such litigation against their insured, for as Justice Holmes noted, 'Judges need not be more naive than other men.' Inasmuch as the insurance company is virtually substituted as a party, (Maddox v. Grauman, 265 S. W. 2d 939; dissent in Jeppesen v. Swanson, 243 Minn. 547, 68 N. W. 2d 649, 658), as far as the investigation and conduct of the defense is concerned, it would seem to be relevant, if not indispensable, that plaintiff's attorney have knowledge of the existence of insurance in order to prepare for the case he has to meet and be apprised of his real adversary. Such knowledge, furthermore, would also lead to more purposeful discussions of settlement, and thereby effectuate the dispatch of court business. This aspect is most significant in terms of effective judicial administration in coping with today's congested dockets which

are largely attributable to the increasing volume of personal injury litigation.

"On the basis of this analysis, it is our opinion that discovery interrogatories respecting the existence and amount of defendant's insurance may be deemed to be 'related to the merits of the matter in litigation,' as provided in Civil Practice Rules 19-11 and 19-4, since they apprise injured plaintiffs of rights arising out of the accident, otherwise unknown, and which the public policy of this State protects, give counsel a realistic appraisal of his adversary and of the case he must prepare for, and afford a sounder basis for the settlement of disputes. We believe that such a construction is in accordance with the intention of the framers of the amended Rules to give a broader scope to the practice of discovery and thereby enable attorneys to better prepare and evaluate their case".

In the Cooper v. Stender, Langlois v. Allen and McClure v. Boeger cases, supra, the principal contention was developed that such discovery is not relevant to the issues of the case and that it cannot reasonably lead to other discovery on any relevant issue of negligence, causation or damages. See Jenkins, "Discovery of Automobile Liability Insurance Limits: Quillets of the Law", 14 Kan. L. R. 59 (1965). It is suggested that such information is relevant and discoverable after judgment but not before. In the case of Slomberg v. Pennabaker, supra, Judge Follmer stated:

"Although the argument concerning admissibility is technically correct, it is also countered by the statement that the test under Rule 26(b) is whether the information sought is 'relevant to the subject matter' and that a fair construction thereof does not completely foreclose discovery of matters which are neither inherently inadmissible nor reasonably calculated to produce admissible evidence. Information other than that which bears evidentiary significance may

be discoverable when procedural efficiency so demands, and the spirit and purpose behind the federal rules is liberal discovery. Comment, 48 Va. L. Rev. 122, 127-128 (1962)".

In his excellent opinion, Judge Follmer also repudiated the contention that assets are not discoverable in advance of judgment, and pointed out that an insurance policy is not in the nature of such assets and that "it would be naive to assume that plaintiffs are interested in collecting 'paper judgments' ". He observed that the defendant himself would not likely object to policy disclosure and that it was to a defendant's best interests that settlement be made within policy limits.

Judge Follmer also repudiated the argument that disclosure of high limits would retard settlements and noted the opposite theory that disclosure of low limits would promote settlements. He stated:

"It is my opinion that in the balance, disclosure would assist amicable settlement without a trial, much more than nondisclosure does. I am in agreement with Judge Holtzhoff's view that discovery of coverage and its extent is conducive to fair negotiations and to just settlement. Cook v. Welly, supra, 253 F. Supp. at 877. The whole purpose of litigation is to produce results fair to both sides, not to play a game of hide and seek. Disclosure of the extent of coverage would induce more purposeful settlement discussions".

We are of the further opinion that the court, of its own motion, is entitled and empowered to order disclosure of insurance and its limits; that such power derives out of the congestion problem itself; and that the judicial system has the right and power to prevent any litigant from taking undue advantage from the internal problem of delay.

We, of course, recognize that it would be both error and naive to ascribe delay to only a plaintiff-group or

a defendant-group, and the problems are quite complex. Nevertheless, so far as delay and calendar congestion are concerned, regardless of how or why caused, they are destructive of the judicial process itself.

In asserting control and right of control over the internal problems of the courts and judicial process, we are also mindful of the fact that there are important features of conflict of interest for the insurance company, as contrasted to its own assured, and that this conflict may extend to counsel who purports to act for the assured though his real and meaningful principal is the carrier. It is the carrier which assumes the defense of the action, furnishes counsel to defendant, and does the investigation in preparation for trial. Our Supreme Court has made it clear that in a clear liability case, where damages exceed policy limits, an insurance carrier may become liable for excess coverage, if it fails to act in good faith: Gray v. Nationwide Mutual Insurance Company, 422 Pa. 500 (1966). In such a situation, we are of the opinion that the record should affirmatively disclose such possibility of conflict, so that the court may safeguard the rights of the litigants and supervise its own officers.

In this Commonwealth, Judge Follmer has suggested, the adoption of the Pennsylvania Motor Vehicle Safety Responsibility Act of April 29, 1959, P.L. 58, 75 PS §1401, was for the benefit of injured persons, and disclosure should be allowed. We are of the opinion that the direction of our decision is guided by such legislation and full disclosure should be promoted. A strong impetus to this view is supplied by the legislative mandate promoting uninsured motorist coverage: 40 PS §2000. The record should, if possible, clearly reflect whether a defendant is insured so that the plaintiff, in turn, may rely upon his own policy if the defendant is not insured.

It should scarcely need notation, but we mention in passing, as did Judge Follmer, that the fact of coverage is not to be disclosed to the jury. Likewise, we think it is clear that the value of a case should not be affected by either high or low limits.

Plaintiff has also filed a motion for production of documents so that he may inspect and copy same. It is sufficient to note that upon consideration of the facts presented and the briefs and contentions of the parties, we are of the opinion that the motion should be granted.

In accordance with the foregoing views, we enter the following

ORDER

Defendant's objections to plaintiff's interrogatories are overruled, and defendant is ordered and directed to file answers to plaintiff's interrogatories within 20 days from date of this order.

Plaintiff's motion for production of documents is granted.