## Troutner v. Philadelphia Transportation Company

**546**

*John P. Walsh*, for plaintiff.

*Floyd W. Tompkins*, for defendant.

WEINROTT, J., March 27, 1956.—On February 21, 1955, plaintiff filed a complaint in trespass seeking recovery for personal injuries and property damage allegedly sustained on or about November 29, 1954, when defendant's street car collided with the rear end of plaintiff's station wagon. The defendant company duly filed an entry of appearance.

Thereafter, on October 6, 1955, plaintiff, by his attorney, filed the following interrogatories to defendant pursuant to Pa. R. C. P. 4005 and 4006:

"1. State the names and residences and business addresses known to you of all persons who were witnesses to the occurrences mentioned in the Complaint, by sight, hearing or otherwise.

"2. State all the facts of said occurrence, including the facts relative to the time, place and cause thereof

according to information which you have received from any source whatsoever."

Plaintiff also requested that defendant give further answers to these interrogatories if additional information material thereto is obtained between the time that answers to said interrogatories are filed and the time of trial.

Defendant filed objections to these interrogatories on the grounds that interrogatory no. 1 is too vague and indefinite insofar as it requests more than the names and addresses of witnesses, and to interrogatory no. 2 on the ground that it also is too vague and indefinite, too broad in scope, and violative of the limitations imposed by Pa. R. C. P. 4011. Defendant also contends that the Pennsylvania Rules of Civil Procedure do not authorize or require the filing of a supplemental answer if additional information material thereto is subsequently obtained, prior to the time of trial.

These objections by defendant to the interrogatories filed by plaintiff are now before this court for determination.

Defendant's first objection can be summarily disposed of on the ground that the phrase "by sight, hearing or otherwise" modifies the word "witnesses" and is mere surplusage. It would appear by the form of interrogatory that plaintiff is putting the defendant on notice that his request for the names of witnesses is not limited to those of the sensory perceptions enumerated.

Defendant's second objection presents issues both as to the form and scope of plaintiff's second interrogatory. Pa. R. C. P. 4005 contains no provisions regulating the form of the interrogatories. The form of the interrogatory is substantially the form utilized by the plaintiff in Gaynor v. Atlantic Greyhound Corporation, 8 F. R. D. 302. Chief Judge Kirkpatrick,

in a footnote to his opinion, there states that this is a general form of interrogatory which has been approved by their court. He further states that the form was worked out at a conference with several of the active trial lawyers in an effort to eliminate the necessity for the mass of minutely detailed interrogatories which had become customary there, and which were found to be extremely burdensome to answer. Certainly then, if there be no objection to the scope of the interrogatory, a benefit would be derived from the experience under the Federal Rules.

Pa. R. C. P. 4011 imposes certain limitations on the scope of discovery under Pa. R. C. P. 4005. Defendant's principal objection goes to the use of the words *"all* the facts . . . received from *any source* whatsoever". Defendant contends that it would be required to include information which it had obtained in preparation for litigation, in violation of Pa. R. C. P. 4011(*d*), and to require it at its peril to analyze all the various versions of the occurrence and to reveal the slightest distinction between these various recitals.

Pa. R. C. P. 4011(*d*) provides:

"No discovery or inspection shall be permitted which . . . (*d*) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ."

Subdivision (*d*) recognizes the common practice of parties, insurers and counsel in promptly investigating a cause of action either before or after litigation is commenced or threatened. The investigation may be made to lay the groundwork for settlement negotia-

tions or in preparation for litigation, or perhaps for both purposes. The limitation imposed by subdivision (d) offers the full protection of nondisclosure to everything so obtained: Goodrich-Amram Civil Practice, vol. 3, p. 212, §4011(d)-4 and 5.

While plaintiff's request in this matter may not seek the existence or location of reports, memoranda and statements, it certainly may seek disclosure of the existence of information made or secured in anticipation of litigation or preparation for trial. Goodrich-Amram, in discussing the meaning of information or other things, states that this will encompass any kind of factual material not in the form of written reports, memoranda or statements. It is said to include any sort of unwritten information respecting the subject matter of the action. The author continues:

"In other words, if a witness tells his entire story, but refuses to sign a statement, the person to whom he told the story cannot be compelled to divulge the 'information' so obtained."

The phrase information or other things is designed:

". . . as a catch-all to insure complete protection for every type of potential evidence which has been assembled by the opponent in preparation of his case. This is his own private property; he need make none of it available to the petitioner; he need not aid the petitioner in preparing his own case; he need only disclose to the petitioner the identity of the witnesses from whom information may be gotten; it is then up to the petitioner to conduct his own investigation and prepare his own case for trial": Goodrich-Amram Civil Practice, vol. 3, p. 214-15, §4011(d)-7.

It is readily apparent that the scope of the Pennsylvania Rules in this respect are much more limited than would be the applicable Federal rules. Defendant need not divulge the contents or the existence of informa-

tion obtained in anticipation for litigation or in preparation for trial; however, to the extent the information requested may have been known to defendant independently of any investigation within the purview of 4011 (*d*), the defendant company must answer plaintiff's second interrogatory. For example, in this case it would seem that the operator of defendant's street car would have knowledge of all the facts of this accident independent of any such privileged information. See Bradley v. PTC, 87 D. & C. 548.

The third objection of defendant relates to the continuing nature of the interrogatory. While there is no provision in the discovery rules specifically providing that interrogatories shall be of a continuing nature, there is no prohibition against such a request. Pa. R. C. P. 4006, relating to the nature of the answer required to an interrogatory states that "the interrogatories shall be answered . . . fully . . .". It does not appear to be any burden to require the defendant to file a further answer if it receives any new information not available at the time the original answer was drawn or if there are any corrections or errors in the original answer. A full and sufficient answer would require that the defendant amend or supplement its answers without further requests so as to eliminate any element of surprise at time of trial.

While the rules do not limit the number of sets of interrogatories which may be filed, except as justice requires to protect the party from an unreasonable annoyance, expense, embarrassment or oppression, it would seem to circumvent the very purpose of the discovery rules if a day after the answers were filed, new or amendatory information was received which would require a completely different or amended answer and defendant would be able to avoid disclosure of the supplemental facts received. To follow the

course requested by defendant's objection would mean that plaintiff would have to file the same interrogatory a number of times up until the day of trial to make certain that no additional or amendatory information or facts had been received with regard to the interrogatory requested. We believe that this would impose an undue burden on plaintiff. Particularly is this true where, as here, the information requested deals with an accident which occurred more than a year ago. It is quite likely that any and all of the facts which are known to the defendant at this time will comprise all of those which may be anticipated until the date of the trial, which should be in the very near future.

In Wolf v. Dickinson, 16 F. R. D. 250, Judge Welsh of our own Federal district court held that interrogatories continue to speak and that the defendant is obliged to furnish supplemental answers if he obtains additional information between the time answers are filed and the time of trial. It was stated that this holding would give effect to one of the primary purposes of the rule, namely, that of full disclosure before trial of all facts which are relevant to the subject matter or issues of the case, and which are not privileged.

We concur with the reasoning of Judge Welsh, and find nothing in the Pennsylvania Rules of Civil Procedure which would prohibit a construction coextensive with that of the Federal rules with regard to this issue, particularly in the case now before the Court.

### Order

And now, to wit, March 27, A. D. 1956, defendant's objections to plaintiff's interrogatories are dismissed, and defendant is ordered to answer said interrogatories in accordance with this opinion.