[Civ. No. 18481.   First Dist., Div. Two.   Jan. 27, 1959.]

R. M. LADDON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; SHIRLEY ROSS, Real Party in Interest.

Peart, Baraty & Hassard, Robert D. Huber and Salvatore Bossio for Petitioner.

Bledsoe, Smith, Cathcart, Johnson & Phelps as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Allen Spivock for Real Party in Interest.

DRAPER, J.—■ This original proceeding presents the question whether the existence and extent of liability insurance of a defendant may be obtained in discovery proceedings. Shirley Ross, the real party in interest here, brought an action against petitioner and others for injuries allegedly resulting from malpractice, and served interrogatories upon defendant, Dr. Laddon, asking whether he carried malpractice insurance at the time in issue, and, if so, the name and address of the insurer and the policy limits. Petitioner filed objections to

these questions. (Code Civ. Proc., § 2030, subd. (a).) His objections were overruled and he promptly petitioned for writ of prohibition or mandate to nullify the order. We granted alternative writs.

Interrogatories may relate to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." (Code Civ. Proc., §§ 2030, subd. (b), 2016, subd. (b).) Since these code sections did not become effective until January 1, 1958 (Stats. 1957, chap. 1904, § 4), there is no decision of an appellate court of California dealing with this problem in the precise context now before us. The present California discovery statutes are based largely upon the Federal Rules of Civil Procedure. Comparable rules, varying somewhat in their language, are in force in several states.

In the federal courts themselves there is a difference of opinion as to discoverability of the existence and limits of insurance. The Eastern District of Tennessee has both granted (*Brackett* v. *Woodall Food Products,* 12 F.R.D. 4) and denied (*McNelley* v. *Perry,* 18 F.R.D. 360) discovery. Discovery has been allowed in one other United States District Court (*Orgel* v. *McCurdy,* S.D., N.Y., 8 F.R.D. 585) and denied in three (*McClure* v. *Boeger* (E.D., Penn.), 105 F. Supp. 612; *Roembke* v. *Wisdom* (S.D., Ill.), 22 F.R.D. 197; *Gallimore* v. *Dye* (E.D., Ill.), 21 F.R.D. 283). There is also a division of authority in states having comparable rules or statutes. Discovery has been allowed in Illinois (*People* ex rel. *Terry* v. *Fisher,* 12 Ill.2d 231 [145 N.E.2d 588]), Kentucky (*Maddox* v. *Grauman,* 205 Ky. 422 [265 S.W.2d 939, 41 A.L.R.2d 964]), and Michigan (*Layton* v. *Cregan & Mallory Co.,* 263 Mich. 30 [248 N.W. 539]); but denied in Nevada (*State* ex rel. *Allen* v. *Second Judicial District Court,* 69 Nev. 196 [245 P.2d 999]), South Dakota (*Bean* v. *Best,* 76 S.D. 462 [80 N.W.2d 565]), Florida (*Brooks* v. *Owens* (Fla.), 97 So.2d 693), Minnesota (*Jeppesen* v. *Swanson,* 243 Minn. 547 [68 N.W.2d 649]), Oklahoma (*Peters* v. *Webb* (Okla.), 316 P.2d 170) and Arizona (*Di Pietruntonio* v. *Superior Court,* 84 Ariz. 291 [327 P.2d 746]).

These decisions may be distinguishable from the case at bar upon the language of the statute involved or upon the facts, but they fairly represent the division of opinion in other jurisdictions and show that the weight of authority favors denial of attempts to discover the existence and extent of public liability insurance carried by a defendant.

While the decisions favoring discovery are persuasive in their reasoning, we might be inclined to follow the majority view if the question were wholly new in California. But it is not. Although no California case passes upon the precise language of the present discovery act, discovery of the existence and limits of insurance was permissible under the much more restricted procedure in effect before 1958.

In 1937, our Supreme Court held that a plaintiff in a personal injury action is entitled, in a collateral proceeding to perpetuate testimony, to examine defendant's public liability insurance policy. (*Demaree* v. *Superior Court*, 10 Cal.2d 99 [73 P.2d 605].) In 1951, the Supreme Court made it clear that the rule of Demaree extends to the limits of the insurance, and not merely to the insuring clauses of the policy. (*Superior Insurance Co.* v. *Superior Court*, 37 Cal.2d 749 [235 P.2d 833].) The court quoted from *Malmgren* v. *Southwestern Automobile Ins. Co.*, 201 Cal. 29 [255 P. 512], which pointed out (p. 33) that under a 1919 statute comparable to our present Insurance Code, section 11580, the policy evidences "a contractual relation created by statute which inured to the benefit of any and every person who might be negligently injured by the assured as completely as if such injured person had been specifically named in the policy." The court in *Superior Insurance* points out (p. 754) that "[t]he provisions of such a policy are not, therefore, a matter for the sole knowledge of the named assured and the insurance carrier to the exclusion of the injured person; the very pendency of an action by the injured person brought in good faith against the named insured person gives the former a discoverable interest in the policy."

*Demaree, Superior Insurance* and *Malmgren* all concern policies of automobile liability insurance, whereas the case at bar deals with malpractice insurance. But that difference does not distinguish the cases. The code (Ins. Code, § 11580) requires the provision for direct action by the injured party against the insurer, after judgment against the insured, in all policies of insurance "[a]gainst loss or damages resulting from liability for injury suffered by another person other than a policy of workmen's compensation insurance." A policy insuring against liability for negligent practice of the healing arts is quite as much within this provision as is a policy insuring against liability for the negligent operation of an automobile.

Since 1937, and even more clearly since 1951, the California

rule has permitted discovery of the existence and extent of liability insurance. We must and do assume that this rule of law has been known to the legal profession generally. Thus, even though the additional step of a proceeding to perpetuate testimony has been required, it is reasonable to conclude that plaintiffs' attorneys have, where they deemed it necessary, been able to secure such information either through proceedings to perpetuate testimony or by the mere statement that they intend to institute such proceedings.

Petitioner, however, contends that the 1957 discovery act removes this right. It is true that the new act, while enlarging the right to discovery in an action presently pending, places somewhat greater procedural restrictions upon proceedings to perpetuate testimony (Code Civ. Proc., § 2017, subd. (a)(1)) than were contained in the old act (Code Civ. Proc., §§ 2083-2090). However, there is no apparent effort to limit the scope or subject-matter of the inquiry in a perpetuation proceeding. Certainly the new statute evidences no intent to negative the "discoverable interest" which Superior Insurance holds to exist in the liability insurance carried by a defendant. In the absence of express language compelling such a result, it would be anomalous to construe the Discovery Act of 1957 as eliminating the discoverable interest so long recognized in the rule of Demaree and Superior Insurance. An act designed to broaden discovery. cannot lightly be construed as narrowing it.

The remaining question is whether discovery may be had in the personal injury action itself, as is sought to be done here, or must be relegated to a proceeding to perpetuate testimony. The present Discovery Act is to be liberally construed. (*Grover* v. *Superior Court*, 161 Cal. App.2d 644, 648 [327 P.2d 212].) Under discovery rules comparable to ours, "[t]he question of relevancy is more loosely construed upon pre-trial examination than at the trial." (*Maddox* v. *Grauman, supra,* 41 A.L.R.2d 964 at 966.) In jurisdictions which have accepted the view of *Demaree* and *Superior Insurance Company,* the modern discovery rules have been held to permit discovery as to liability insurance in the action itself. (*Maddox* v. *Grauman, supra*; *People* ex rel. *Terry* v. *Fisher, supra,* 12 Ill.2d 231 [145 N.E.2d 588].) In California, *Superior Insurance* has recognized that plaintiff's "discoverable interest" in defendant's liability insurance arises with the "very pendency" of the

action against the assured. The conclusion is inescapable that under this decision the insurance policy is relevant to the subject-matter involved in the personal injury action, although not strictly within the issues raised by the pleadings. Now that discovery may be had as to ''any matter . . . relevant to the subject matter involved in the pending action'' (Code Civ. Proc., § 2016, subd. (b)), there is no reason to require an ancillary proceeding as the only means of exercising the long-recognized ''discoverable interest'' of plaintiff in defendant's policy. A principal purpose of the new discovery act is to facilitate expeditious disposition of litigation. It would contravene that purpose to require two steps in a discovery proceeding where one suffices.

Writs denied and alternative writs discharged.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 26, 1959, and petitioner's application for a hearing by the Supreme Court was denied March 25, 1959. Traynor, J., and Schauer, J., were of the opinion that the application should be granted.