[Civ. No. 10105. Third Dist. Feb. 7, 1961.]

W. MARGUERITE P. SMITH, Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent; ROBERT ALFRED, Real Party in Interest.

Rawles, Nelson & Golden for Petitioner.

No appearance for Respondent.

Honey, Mayall & Hurley for Real Party in Interest.

SCHOTTKY, J.—Petitioner, W. Marguerite P. Smith, seeks a writ of mandate to compel Robert Alfred (referred to here-after as Alfred) to answer certain interrogatories which he refused to answer and which the respondent court ruled he did not have to answer.

Petitioner brought an action to recover damages for injuries she received while a passenger in an automobile which was being operated by her deceased husband and which was involved in an accident with an automobile being driven by Alfred. She also brought an action for the wrongful death of her husband.

In each of the actions the petitioner served written inter-rogatories on Alfred. The covering letter read in part: ''These

interrogatories shall be deemed continuing so as to require supplemental answers if defendant obtains further information between the time the answers are served and the time of trial.''

The interrogatories which were not answered and which were not conceded to be bad read as follows:

''3. If your answer to question 1 is yes [this referred to insurance coverage], state whether you or your counsel know, or have any reason to believe, that the company issuing any such policy claims or intends to claim that it has some ground for denying you the insurance coverage provided by the policy.

''4. If your answer to the foregoing question is in the affirmative, please state the policy and the insurance company to which the answer relates and the general nature of the claim of the insurance company.

''5. What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses known to you or your attorneys, who saw, or claim they saw, or whom you or your attorneys think saw, or whom someone has told you or your attorneys saw, all or any part of the collision which is the subject of this action?

''6. What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses known to you or your attorneys, who arrived, or claim they arrived, or whom you or your attorneys think arrived, or whom someone has told you or your attorneys arrived, at the scene of the collision immediately or shortly after it happened?

''7. What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge or relevant information, facts, or circumstances in this case, known to you or your attorneys?

''9. Were any investigations or other reports prepared, compiled, submitted, or made by or on behalf of the defendant in the regular course of business or in preparation for litigation as a result of the collision complained of in this action? If so, and as to each such investigation or report, state:

''(a) The identity of the same by date, subject matter, name, address, and job title or capacity of the person or persons making or rendering the same, and the person or persons to whom addressed or directed, and the name, address, and

present whereabouts of the person who has present custody or control thereof, and the purpose of such preparation.

"10. As a result of the collision complained [of] in this action, were any photographs, charts, plats, drawing, or other graphic representations made by or on behalf of the defendant? If so:

"(a) How many pictures were taken or other documents prepared?

"(b) On what dates were they taken or prepared?

"(c) What views, scenes, or objects do they depict?

"(d) What is the name, address, telephone number, job title, and present whereabouts of the person who has custody or control thereof?

"(e) Will the defendant permit the plaintiff, through authorized representatives, to inspect said photographs or other documents?

"(f) Will the defendant furnish copies of designated photographs or other documents to plaintiff at plaintiff's expense?

"11. Were any statements, written or otherwise, obtained from anyone, including defendant, interviewed or questioned by or on behalf of the defendant in connection with the collision complained of in this action? If so, list the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons giving such statements, the dates on which they were obtained, and the name, address, job title or capacity, and present whereabouts of all persons who have present custody or control thereof.

"12. What is your version of how the collision occurred, stating, in detail, the cause thereof, the respective speeds, positions, directions, and locations of the vehicles involved during their approach to, at the time of and immediately after, the collision?

"13. Describe, in proper sequence, the movements and speed and time involved in the operation of the defendant's vehicle for the last three minutes immediately preceding the collision in question.

"16. State all names by which you have been known, the date and place of your birth, your residence, occupation, social security number, height, weight, and the color of your eyes and hair.

"17. State your occupations and dates thereof, and the

names and addresses of your employers, during the last ten years.

"18. State the complete addresses of the places at which you have resided in the past ten years (actual address and mailing address) and the dates of such residences."

The objections to interrogatories 3 and 4 were on the ground that they were compound, calling for information from two different persons, and that they called for immaterial matter and requested confidential information.

The objections to interrogatories 5, 6 and 7 were on the ground that they were compound and sought to compel the defendant to give hearsay evidence on communications or information possessed by his attorneys.

The objections to interrogatory 9 were made on the ground that the interrogatory was compound in referring to matters made in the " 'course of business' " and/or " 'in preparation for litigation' " and on the ground that the information sought was privileged.

The objection to interrogatory 10 was that it was compound. A specific objection to subsection (c) of interrogatory 10 was on the ground that the pictures, if any, would be the best evidence.

The objections to interrogatory 11 were on the ground that it was compound and sought irrelevant and privileged matter.

The objection to interrogatories 12 and 13 was on the ground that they were compound.

The objections to interrogatories 17 and 18 were on the ground that they were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Mandamus is the proper remedy to compel a trial court to order a party to answer interrogatories. But the writ will not be granted unless the trial court has abused its discretion. (*Ryan* v. *Superior Court,* 186 Cal.App.2d 813 [9 Cal.Rptr. 147] ; *Rust* v. *Roberts,* 171 Cal.App.2d 772 [341 P.2d 46].)

In determining whether or not there has been an abuse of discretion it should be borne in mind that the Discovery Act is to be liberally construed. (*Laddon* v. *Superior Court,* 167 Cal.App.2d 391 [334 P.2d 638] ; *Grover* v. *Superior Court,* 161 Cal.App.2d 644 [327 P.2d 212].)

The first question presented is the propriety of interrogatories calling for continuing answers. Such interrogatories have been approved under the Federal Rules of Civil Procedure and similar rules. (*Novick* v. *Pennsylvania Railroad*

*Co.,* 18 F.R.D. 296; *Lunn* v. *United Aircraft Corp.,* 25 F.R.D. 186; *Armstrong* v. *Diamond State Bus Lines,* 50 Del. 163 [125 A.2d 856]; *Troutner* v. *Philadelphia Transportation Co.,* 5 Pa. D. & C.2d 545; see also *McElroy* v. *United Air Lines,* 21 F.R.D. 100, 102. In the Novick case, *supra,* the court said that under federal rule 33 the number or sets of interrogatories to be served is not limited except as justice requires for the protection of the party served from annoyance, expense, embarrassment or oppression. The court held that continuing interrogatories were proper in the interest of expediting the interchange of information essential to the proper preparation of the case. It should be noted that under federal rule 33 a party could continue to serve interrogatories calling for later acquired information. Section 2030 of the Code of Civil Procedure dealing with interrogatories provides: "(a) . . . No party may serve more than one set of interrogatories to be answered by the same adverse party, except with leave of court obtained on motion after notice." In this regard the California rule differs from the federal rule. A party may not ask for continuing interrogatories without leave of court.

In *Laddon* v. *Superior Court, supra,* it was held that the plaintiff may under the discovery statutes ascertain the fact of defendant's insurance and the policy limits. It would also seem to be proper for the plaintiff to learn whether or not the insurer claimed nonliability. One of the purposes of permitting a plaintiff to ascertain the fact of insurance and the limits of the policy is to permit a settlement to be worked out on the basis of realities. (See *Pettie* v. *Superior Court,* 178 Cal.App.2d 680 [3 Cal.Rptr. 267].) For that purpose the plaintiff has the right to ascertain whether or not the insurer claims nonliability. Accordingly interrogatory 3 should have been answered. Since interrogatory 3 was not answered, interrogatory 4 was not considered by the trial court, and we do not pass on the question.

Interrogatories 5, 6 and 7 sought the names of witnesses. We should first point out that the repeated use of multiple interrogatories where one would suffice places an unnecessary burden on opposing counsel and the court. (See *Ginsberg* v. *Algia,* 1 Cal. Disc. Proc. 80, No. 717781, Superior Court of Los Angeles.) The objections to these interrogatories were on the ground that they were compound and that they compelled the defendant to give hearsay evidence on communications or information possessed by his attorney. A party may be examined as to any matter not privileged which is relevant

to the subject matter of the action, including the identity and location of parties having knowledge of relevant facts. The objection that the interrogatories were compound we deem to be without merit. The fact that the answer may compel the defendant to give hearsay evidence is no objection to an interrogatory. Interrogatory 7 is proper (*Klop* v. *United Fruit Co.,* 18 F.R.D. 310) insofar as it relates to the defendant, and it would be proper to strike out the word ''attorneys.'' Even if the names and addresses of the witnesses were known only to the attorneys, they would have to be disclosed on a proper interrogatory addressed to the party. (*Ginsberg* v. *Algia, supra*; *City & County of San Francisco* v. *Superior Court,* 161 Cal.App.2d 653 [327 P.2d 195].) Interrogatories such as 5 and 6 have been deemed to be too broad. (7 Cyclopedia of Federal Procedure, § 25.460; *Sunday* v. *Gas Service Co.,* 10 F.R.D. 185; but see *Ginsberg, supra.*) We need not decide the point because an answer to interrogatory 7 will furnish petitioner with the information she seeks.

Interrogatory 9 asked whether or not any reports were submitted on behalf of the defendant in the regular course of business or in preparation of litigation. It also sought the name of the person making the report, the subject matter of the report, and the name and address of the custodian.

Section 2031 of the Code of Civil Procedure permits the discovery and production of documents, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by subdivision (b) of section 2016. This latter section states that a deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. It would seem if documents are discoverable under section 2031, and are not privileged, a preliminary interrogatory to ascertain the existence of such documents would be proper. The objection to the interrogatory is that it asked for privileged matter. But note, only the contents could be privileged not the fact of the document's existence.

Interrogatory 10 sought to ascertain if any photographs or other graphic representations of the scene were taken and the nature of the documents. The interrogatory should have been answered. ''In a proper case 'photographs

of the scene of the accident or of the persons, vehicles, or other objects involved' are relevant to the subject matter of the ensuing action for damages and are admissible in evidence. . . . Plaintiffs are clearly entitled to interrogate their opponents as to the existence, identity and location of any such photographs.'' (*Ginsberg, supra,* p. 83; 4 Moore's Federal Practice, § 34.09, p. 2457, and f.n. 18 [Supp. 1959].)

 Interrogatory 11 sought to ascertain whether any statements had been taken from witnesses, and, if so, the names of the witnesses. It also sought the identity and names and addresses of persons who were the present custodians of the statements. The names of witnesses from whom statements have been taken is the proper subject of an interrogatory. (*Klop* v. *United Fruit Co.,* 18 F.R.D. 310.) The request of the names of the persons having custody of the statements is however premature. Their names would only become relevant if plaintiff could not obtain interviews with those persons.

 Interrogatories 12 and 13 sought to compel the defendant to relate his version of the accident. The objection was solely on the ground that the interrogatories were compound. The real party in interest stated in his opposition that if single interrogatories were submitted the interrogatories would be answered. The objection is obviously merely for delay. Counsel is attempting to thwart rather than promote discovery. ''The burden of persuasion is on the objecting party to show that the interrogatories should not be answered —that the information called for is privileged, not relevant, or in some other way not the proper subject of an interrogatory. . . .'' (4 Moore's Federal Practice, § 33.27, p. 2336.) General objections to interrogatories such as were interposed are insufficient.

 Interrogatories 16, 17 and 18 are clearly irrelevant to the subject matter of the action, and the objection on that ground was properly sustained.

It is ordered that a peremptory writ of mandate issue directing the trial court to set aside its order sustaining the refusal of defendant to answer interrogatories 3, 7, 9, 10, 11, 12 and 13 and to enter its order requiring the defendant to answer these interrogatories in accordance with the views expressed in this opinion.

Van Dyke, P. J., and Peek, J., concurred.