Denver O. GORSHA, Plaintiff,

v.

COMMERCIAL TRANSPORT CORPORATION, Defendant.

Civ. A. No. 15101.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 26, 1965.

Kierr & Gainsburgh, Samuel C. Gainsburgh, New Orleans, La., for plaintiff.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert B. Acomb, Jr., New Orleans, La., for defendant.

AINSWORTH, District Judge.

In this seaman's suit for damages petitioner served interrogatories upon respondent employer pursuant to Rule 33, Federal Rules of Civil Procedure, which were prefaced as follows: "Pursuant to applicable Federal Rules of Civil Procedure, the plaintiff, through his undersigned counsel, propounds to you the following interrogatories, *which are intended to be and should be deemed to be continuing * * *.*" (Emphasis supplied.) Respondent has filed opposition to the "continuing interrogatories," which is before us for determination.

In support of his continuing interrogatories, petitioner contends that while this Court has heretofore ruled adversely to his position, such ruling is the "minority view." He cites Taggart v. Vermont Transportation Co., 32 F.R.D. 587, 589 (E.D.Pa.1963); McNally v. Yellow Cab Co., 16 F.R.D. 460 (E.D.Pa.1954); and the authorities collected in 88 A.L.R.2d 657, et seq.

We have reviewed the above authorities and disagree with petitioner that ours is the minority view. All of petitioner's authorities are from the Third Circuit, which includes the Eastern District of Pennsylvania. An analysis of the Local Rules of the Eastern District of Pennsylvania explains why it has reached the conclusion that continuing answers are proper.

In Taggart, the District Court of the Eastern District of Pennsylvania excluded the testimony of an eyewitness because the defendant had failed to disclose the name of that witness in response to continuing interrogatories. In reaching its decision the Court relied on Local Rule 20(f), which provides:

"Upon discovery by any party of information which renders that party's prior answers to interrogatories substantially inaccurate, incomplete or untrue, such party shall file appropriate supplemental answers with reasonable promptness."

This decision was reached under the Local Rule of the Court rather than Rule 33 or 37 of the Federal Rules of Civil Procedure. We have no such Local Rule in the Eastern District of Louisiana.

We quote also from 88 A.L.R.2d 665 as follows:

"With one exception, *all* of the cases which were found to have considered the propriety of interrogatories calling for continuing answers arose either in the United States District Courts of the Third Judicial Circuit or in state courts within the same geographical area." (Emphasis supplied.)

The one exception mentioned is Smith v. Superior Court, 189 Cal.App.2d 6, 11 Cal.Rptr. 165, 88 A.L.R.2d 650 (1961), a California state court decision.

Even if we were to accept the Third Circuit holdings which are based on a Local Rule as representing a "majority view," the courts thereof do not unanimously support the view contended for by petitioner. At least one federal district court in that circuit will not allow a party to preface the entire set of interrogatories by a request for continuing answers. That court requires that the requesting party make reference to specific interrogatories and treats each interrogatory as a separate entity. See Novick v. Pennsylvania R. Co., 18 F.R.D. 296 (W.D.Pa., 1955).

We are guided by Rule 33 of the Federal Rules of Civil Procedure and adopt its procedure as a better approach to be used in obtaining supplemental answers. As between adverse parties, Rule 33 does not limit the number of sets of interrogatories.

In light of the pre-trial procedures employed in this Court, we believe the method authorized by Rule 33 is

sufficient. The party requesting the answers knows which of his requests are subject to change by lapse of time. He can re-serve those specific interrogatories at several points during the pre-trial period. This will give the serving party up-to-date information. Furthermore, the pre-trial procedure adopted by this Court, which requires preparation of a comprehensive proposed pre-trial order and pre-trial conference, gives added opportunity to obtain timely additional information even if supplemental interrogatories have not been used.

In taking this position we do not condone the concealment of information which the answering party knows will substantially alter a prior answer. It is the duty of counsel, as officers of the Court, to be completely candid with members of the Bar and with the Court. This is in keeping with the adversary process and is a duty which we expect counsel to respect.

Respondent's opposition to petitioner's "continuing interrogatories" is sustained.