## McDonald v. Gross

*George H. Rowley,* for plaintiff.

*Marc L. Marks,* for defendant.

STRANAHAN, P. J., June 25, 1969.—This court has written two opinions involving the question of discovering insurance coverage by use of interrogatories or depositions. The first case is Groce v. Hile, 46 D. & C. 2d 89 (1969), in which this court ruled that the amount of liability insurance may be obtained from defendant by plaintiff through the use of interrogatories.

The matter was again considered in the case of Berek v. Smock, 46 D. & C. 2d 221, when Acker, J., ruled that defendant must disclose not only the fact that there is coverage, but must disclose the amount of coverage.[1]

The problem now before the court is one that was certain to arise in light of the two previous opinions, and is a problem of difficulty. In the present case plaintiff is seeking to recover damages in trespass for personal injuries and for the death of Edna Mae McDonald. Plaintiffs have brought suit against Nancy H. Gross, alleging her negligence to be a cause of injury and death.

Nancy H. Gross has no liability insurance, and plaintiff now seeks to discover by means of interrogatories directed to defendant the amount of her assets. Defendant has objected to this, and the court must now decide whether it will extend the rule in

1. In this case defendant argued that since it was not reasonable to expect the verdict in the case to go beyond the minimal coverage of $10,000 as required by the Financial Responsibility Act, 75 PS §1421, et seq., that the amount of coverage beyond $10,000 did not need to be disclosed. In that opinion the court pointed out that on many occasions it was difficult to predict the amount of the verdict in cases involving personal injury.

Groce v. Hile, supra, and Berek v. Smock, supra, to include the right of a plaintiff to discover the assets of defendant.

We have again reviewed the various cases in which the court has discussed the problem of whether individual assets must be disclosed for the same reason that insurance coverage should be disclosed. As we pointed out in Groce v. Hile, supra, the principal argument against requiring disclosure of personal assets is that there is a distinction between personal assets, and the assets due under an insurance policy. The distinction is that an insurance policy exists primarily for the purpose of paying those members of the public who are injured as the result of the activities of the insured, while personal assets are accumulated for the defendant's personal use.

In Clauss v. Danker, 264 F. Supp. 246 (1967), page 249, the court states:

"In their effort to keep the insurance coverage here a mystery, defendants raise the spectre that disclosure would merely pave the way for the revelation of all personal details concerning defendant's financial position. But insurance coverage is in a class by itself in that the specific and sole purpose of the policy is to compensate for damages caused by the insured. On that basis, there is a clear line of delineation between the policy and the defendant's other assets, and there would be no difficulty in drawing such a line for discovery purposes."

In the case of People ex rel. Terry v. Fisher, 12 Ill. 2d 231, 238, 145 N.E. 2d 588, 593, the Supreme Court of Illinois states:

"Unlike other assets, a liability insurance policy exists for the single purpose of satisfying the liability that it covers. It has no other function and no other value. . . . Ordinarily a plaintiff has many sources of inquiry by means of which he can appraise the likeli-

hood that the judgment he seeks will be enforceable. In the case of an insurance policy, however, all the customary channels are cut off."

Other cases point out once an accident occurs the insurance company takes over the management of the case, including the investigation, the obtaining of an attorney and settlement negotiations, therefore having an insurance policy creates a situation that is different from mere possession of assets by defendant. The cases of Johanek v. Aberle, 27 F. R. D. 272 (1961), People ex rel. Terry v. Fisher, supra, and Laddon v. Superior Court, 167 Cal. App. 2d 391, 334 P. 2d 638, are examples of cases in which the court has advanced the argument that is referred to above.

In 2A Barron and Holtzoff, Federal Practice and Procedure, §647.1, the author states:

"The insurance policy is unique in that it is virtually the only fact bearing on the collectability of the judgment which plaintiff must ascertain from defendant or not at all."

In addition to the authority that makes a distinction between the personal assets of a defendant and the liability coverage of defendant, there is another reason which we believe is even more compelling to the court in influencing it not to permit the discovery of defendant's personal assets. Such reason is that the Pennsylvania Rules of Civil Procedure provide a method of discovering assets of a defendant. These rules limit such discovery to a situation where plaintiff has obtained a judgment and is in the process of trying to collect that judgment. Pa. R. C. P. 3117 deals with discovery in aid of execution and gives a plaintiff the right at any time after judgment to take the testimony of any person, including a defendant or a garnishee, for the purpose of discovering defendant's assets. If this court were to expand its ruling in

Groce v. Hille, supra, and Berek v. Smock, supra, then in substance this court would be establishing a rule different from rule 3117, and would be abolishing the effect of this rule. Of course this court has no authority to do such a thing and does not intend to rule in contradiction to a rule of civil procedure.

As pointed out in Groce v. Hile, supra, the courts of Mercer County believe that in the absence of an appellate court ruling, and in view of the fact that there is a sharp conflict in the decisions of the various lower courts that it is necessary for the court to establish a rule in Mercer County which would exist until the appellate courts by decision or rule established the law for the entire Commonwealth.

Admittedly, the ruling of the local court is one based on practicality and was brought about by the need to expedite the trial of trespass cases. It is the opinion of this court that the divulgence of insurance coverage in a trespass case materially aids in the preparation of the case by plaintiff and encourages both plaintiff and defendant to make a realistic appraisal of the value of their case, and to effect a settlement more readily than would be the case if such disclosure is not required.

We further believe that to extend this rule to require a defendant to disclose personal assets would be unwise and dangerous and would accomplish a purpose beyond the need required. If the limits of a defendant's insurance liability is made public no adverse result is accomplished, for insurance coverage is important only when liability exists and at no other time. On the other hand to require a defendant to disclose his personal assets might be advantageous in the particular case, but in addition to that could conceivably work a serious hardship on the defendant in other aspects of his life.

We do not intend to extend the rule of Groce v.

Hile, supra, and Berek v. Smock, supra, beyond the requirement that a defendant must disclose the limits of his insurance coverage.

We therefore deny plaintiff the right to require Nancy H. Groce to reveal her personal assets.

## ORDER

And now, June 25, 1969, plaintiff having filed written interrogatories directed to defendant, and defendant having objected to plaintiff's interrogatories, it is ordered that defendant, Nancy H. Gross, shall answer interrogatories 1 and 2, but that the objection to interrogatories 3 and 4 is sustained.