[No. C012849. Third Dist. Mar. 25, 1993.]

IRVINGTON-MOORE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
CHARLES DAVID JORDAN, Real Party in Interest.

COUNSEL

Boughey, Garvie & Bushner, James D. Boughey and Ronald S. Bushner for Petitioners.

No appearance for Respondent.

Joseph W. Carcione, Jr., and Gerald K. Okimoto for Real Party in Interest.

OPINION

SPARKS, Acting P. J.—In this discovery proceeding we consider whether the trial court may order the production of an insurance policy in a personal injury action. Petitioners Irvington-Moore, Inc., and U.S. Natural Resources, Inc., are defendants in a personal injury action brought against them by real party in interest Charles David Jordan.[1] Defendants seek a writ of mandate compelling the respondent superior court to vacate its order requiring them to produce their insurance policy which covers the incident in question. Among other things, they contend that Code of Civil Procedure section 2017, subdivision (b), limits discovery of insurance policies to their "existence and contents" and hence does not authorize the production of the actual policies. We find this contention as well as the other arguments advanced in support of defendants' position to be unpersuasive and consequently will deny the petition for extraordinary relief.

---

[1]For convenience we will refer to the parties by their designations in the underlying personal injury action.

## PROCEDURAL BACKGROUND

On January 14, 1991, plaintiff Charles Jordan filed a complaint for personal injuries against the petitioning defendants and others. He set forth causes of action for general negligence, products liability, and premises liability. Defendants answered denying liability and setting up several affirmative defenses.

During discovery plaintiff served upon defendants a set of form interrogatories propounded by the Judicial Council. In response to interrogatories concerning insurance coverage, defendants informed plaintiff of the type of their insurance coverage; the name and address of their insurance company; the name, address and telephone number of each named insured; their policy numbers; the limits of coverage for each type of coverage; that there was no reservation of rights between defendants and their insurer; and the name, address and telephone number of the custodian of their policy.

Plaintiff then served defendants with a request for the production of documents. Plaintiff requested that defendants produce "[a]ny and all and each and every policy of insurance" identified in defendants' responses to interrogatories. Defendants objected to this request on the grounds that it requested documents that are not likely to lead to admissible evidence at trial and that plaintiff already had all of the information to which he was entitled.

When the parties were unable to resolve this matter informally, plaintiff filed a motion to compel the production of defendants' insurance policies. The superior court believed that the legal issue presented a close question, one that perhaps warranted appellate clarification. Nevertheless, the court concluded that our discovery statutes support plaintiff's request for the production of defendants' insurance policy and granted plaintiff's motion to compel. Defendants commenced this action for a writ of mandate to compel the superior court to vacate its order for the production of their insurance policy.[2]

## DISCUSSION

In this state pretrial discovery in a civil action is governed by the Civil Discovery Act of 1986. (Code Civ. Proc., § 2016 et seq. [unless otherwise specified, all further section references are to this code].) Section 2017

---

[2]Initially, this court summarily denied the petition for a writ of mandate. Defendants petitioned the Supreme Court for review. The Supreme Court granted the petition for review and transferred the matter to this court with directions to issue an alternative writ of mandate to be heard when the proceeding is ordered on calendar.

provides the scope of appropriate discovery. The general scope of discovery is defined by subdivision (a) of that section, which provides, in relevant part, "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." The essence of this subdivision, it has been noted, was derived from section 2016, former subdivision (b). (3 Hogan, Modern Cal. Discovery (4th ed. 1988) Proposed Civil Discovery Act of 1986, appen. D, p. 181.)

Prior to the enactment of the 1986 act, the California discovery statutes did not expressly authorize the discovery of insurance policies. As the reporter's note to the proposed section 2017 of the Civil Discovery Act of 1986 reflects, "[t]he present Discovery Act contains no specific provision concerning the discoverability of information relating to the liability insurance coverage that may be available to satisfy the judgment being sought. However, the California case law recognizes a broad right of discovery in this area. See, e.g., *Pettie* v. *Superior Court* (1960) 178 Cal.App.[2]d 680 [3 Cal.Rptr. 267]; *Smith* v. *Superior Court* (1961) 189 Cal.App.[2]d 6 [11 Cal.Rptr. 165, 88 A.L.R.2d 650]. In 1970 the Federal Rules of Civil Procedure were amended to include explicit recognition of the discoverability of liability insurance information. The proposed subdivision derives its language from [Federal Rules of Civil Procedure, rule 26(b)(2)]. It expands on that provision by making explicit the right to discover whether an insurance carrier, although providing a defense, is nonetheless contesting whether its policy covers the occurrence involved in the lawsuit. This is in line with California case law. *Smith* v. *Superior Court* (1961) 189 Cal.App.[2]d 6, 11." (3 Hogan, Modern Cal. Discovery, *supra*, Proposed Civil Discovery Act of 1986, appen. D, p. 182.)

This hiatus was closed by the enactment of subdivision (b) of section 2017 of the Civil Discovery Act of 1986, which contains a specific provision relating to the discovery of insurance coverage. That subdivision provides: "A party may obtain discovery of the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This discovery may include the identity of the carrier and the nature and limits of the coverage. A party may also obtain discovery as to whether that insurance carrier is disputing the agreement's coverage of the claim involved in the action, but not as to the nature and substance of that dispute. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at

trial." (See generally, 1 DeMeo, Cal. Deposition and Discovery Practice (1992) Scope of Discovery, § 20.72, pp. 20-88 to 20-91; 2 Hogan, Modern Cal. Discovery, *supra*, Discovery Relevance, § 11.8, pp. 32-36.)

In addition, under subdivision (c) of section 2017, the trial court is authorized to limit the scope of discovery where "the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence." In the view of the Joint Commission on Discovery, "this discretion was so important as a counter-balance to the broad standard of discovery relevance, that it should be written into the statute, and not left to implication. Accordingly, the Commission has sought to identify the factors that might influence a trial judge to restrict discovery in a particular case. It has then flagged that discretion by stating it in the same statute that creates the broad subject-matter criterion for measuring discovery relevance." (3 Hogan, Modern Cal. Discovery, *supra*, Proposed Civil Discovery Act of 1986, appen. D, p. 182.)

Section 2019 sets forth the methods by which a party may obtain discovery. Subdivision (a) of that section provides: "Any party may obtain discovery by one or more of the following methods: [¶] (1) Oral and written depositions. [¶] (2) Interrogatories to a party. [¶] (3) Inspections of documents, things, and places. [¶] (4) Physical and mental examinations. [¶] (5) Requests for admissions. [¶] (6) Simultaneous exchanges of expert trial witness information." Each of these methods of obtaining discovery is governed by one or more code sections providing procedures and restrictions specific to the method of discovery. (§§ 2020-2034.) In addition, under subdivision (b) of section 2019, a trial court has the power to restrict the frequency or extent of the use of methods of discovery where: "(1) The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. [¶] (2) The selected method of discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation."

■ In establishing the statutory methods of obtaining discovery, it was the intent of the Legislature that discovery be allowed whenever consistent with justice and public policy. (See *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 382 [15 Cal.Rptr. 90, 364 P.2d 266].)[3] The statutory provisions must be liberally construed in favor of discovery and the courts

[3]The *Greyhound* case and others we will cite were decided before the enactment of the Civil Discovery Act of 1986. However, these cases were concerned with statutory discovery provisions similar to those with which we are concerned and the points for which we cite these cases are fully applicable to the 1986 act.

must not extend the statutory limitations upon discovery beyond the limits expressed by the Legislature. (*Id.* at p. 383.) With respect to the various statutorily authorized methods of obtaining discovery, our Supreme Court has said: "There is nothing in the entire act, other than protection against possible abuse, which indicates that the Legislature has differentiated between the inherent right to one method of discovery and another. The very incorporation, by reference, of various provisions of several sections into the others . . . indicates a legislative intent that the right to each of the various vehicles of discovery, and the basis for the use of each, is inherently the same." (*Id.* at p. 388.) It follows that the selection of the method of discovery to be utilized is to be made by the party seeking discovery. It cannot be dictated by the opposing party. (See *Pember* v. *Superior Court* (1966) 240 Cal.App.2d 888, 889-890 [50 Cal.Rptr. 24]; *Darbee* v. *Superior Court* (1962) 208 Cal.App.2d 680, 686-687 [25 Cal.Rptr. 520].) Moreover, the choice is subject to a trial court's control only to the extent consistent with express statutory limitations. (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d at p. 83.)[4] A party is permitted to use multiple methods of obtaining discovery and the fact that information was disclosed under one method is not, standing alone, a proper basis for refusing to provide discovery under another method. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 218-219 [23 Cal.Rptr. 393, 373 P.2d 457].)

■ In light of these authorities we must reject defendants' contention that insurance policies are not subject to a request for production under section 2031. In order to provide statutory authorization for the discovery of information respecting insurance coverage, the Legislature added a provision to section 2017, which deals with the scope of discovery generally. Had the Legislature intended to limit discovery of insurance information to particular methods of discovery, it would have done so by adding such a provision to the code section or sections which deal specifically with a particular method or methods of discovery. Since the Legislature has left the choice of the method of discovery to the party seeking discovery, and added insurance information to the scope of discovery in general rather than limiting it to a particular method of discovery, it follows that a request for production and inspection of documents is an appropriate discovery vehicle for obtaining insurance information.

Section 2031, subdivision (a), which specifically governs requests for production and inspection of documents, reinforces this conclusion. That

---

[4]A request for discovery is not subject to the objection that the proponent is engaged in a "fishing expedition." In our discovery statutes the Legislature has authorized "fishing expeditions" and thus "the claim that a party is engaged upon a fishing expedition is not, and under no circumstances can be, a valid objection to an otherwise proper attempt to utilize the provisions of the discovery statutes." (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d at pp. 385-386.)

subdivision provides, in relevant part: "Any party may obtain discovery within the scope delimited by Section 2017, and subject to the restrictions set forth in Section 2019, by inspecting documents, tangible things, and land or other property that are in the possession, custody, or control of any other party to the action. [¶] (1) A party may demand that any other party produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made." That provision permits discovery by a request for production of documents as to any matter within the scope of section 2017, which includes, in subdivision (b), an express provision for discovery of insurance information. Had the Legislature intended to exclude insurance information from this method of discovery, it would have been a simple matter to limit the scope of this method to that set forth in section 2017, subdivision (a). By authorizing this method of discovery for all matters within section 2017, the Legislature necessarily included insurance information within the scope of its coverage.

We find nothing in the historical treatment of requests for discovery of insurance information which would alter this conclusion. Specific provisions for the discovery of insurance information are relatively recent developments in this and other jurisdictions. Earlier discovery acts employed various terminologies to limit discovery to matters which were admissible evidence, reasonably calculated to lead to the discovery of admissible evidence, or relevant to the subject matter of the litigation. As a general rule, evidence of insurance coverage is not relevant in a civil trial. (See Evid. Code, § 1155.) Thus, it was questionable whether insurance information was subject to discovery under earlier discovery acts. In resolving this question, state and federal decisional authorities were "flatly in conflict." (See Annot. (1967) 13 A.L.R.3d 822, 825.) In California our courts determined that insurance information was subject to discovery even in the absence of specific statutory provision for such discovery. (See *Superior Ins. Co.* v. *Superior Court* (1951) 37 Cal.2d 749, 754-755 [235 P.2d 833]; *Demaree* v. *Superior Court* (1937) 10 Cal.2d 99, 103 [73 P.2d 605]; *Smith* v. *Superior Court* (1961) 189 Cal.App.2d 6, 11 [11 Cal.Rptr. 165, 88 A.L.R.2d 650]; *Rolf Homes, Inc.* v. *Superior Court* (1960) 186 Cal.App.2d 876, 882-883 [9 Cal.Rptr. 142]; *Pettie* v. *Superior Court* (1960) 178 Cal.App.2d 680, 687 [3 Cal.Rptr. 267]; *Laddon* v. *Superior Court* (1959) 167 Cal.App.2d 391, 395-396 [334 P.2d 638].) As the *Laddon* court put it, "the insurance policy is relevant to the subject-matter involved in the personal injury action, although not strictly within the issues raised by the pleadings." (*Laddon* v. *Superior Court, supra*, 167 Cal.App.2d at p. 396.)

Defendants assert that these earlier California cases permitted a plaintiff in a tort action to obtain discovery as to the existence and limits of insurance

coverage but did not specifically establish a right to insist upon production and inspection of the actual policy of insurance.[5] The argument misses the point. The question here is not whether earlier decisional authorities approved a request for production as a method of obtaining discovery of insurance information, but whether the Civil Discovery Act of 1986 so provides. Sections 2017 and 2031, read together, appear to permit a party to request production of an insurance policy and nothing in any of the earlier California decisional authorities suggests any reason for construing the Civil Discovery Act of 1986 otherwise.[6]

We find nothing in the Insurance Code provisions cited by defendants which would require a restrictive interpretation of the Civil Discovery Act of 1986. Defendants point to the Insurance Information and Privacy Protection Act. (Ins. Code, § 791 et seq.) That act is part of this state's regulation of the business of insurance. It was enacted "to establish standards for the collection, use and disclosure of information gathered in connection with insurance transactions by insurance institutions, agents or insurance-support organizations; . . ." (Ins. Code, § 791.) The act applies to, and restricts, information gathering practices and disclosures of information by insurers. It does not purport to create a privilege against discovery by an insured party who is a party to a lawsuit. Moreover, the provisions of the insurance act yield where disclosure is "[o]therwise permitted or required by law" or is "[i]n response to a facially valid administrative or judicial order, including a search warrant or subpoena." (Ins. Code, § 791.13, subds. (g), (h).)

Defendants point to Insurance Code section 11581, which provides: "Upon any proceeding supplementary to execution, such judgment debtor

---

[5]In fact, the Supreme Court decisions, *Superior Ins. Co.* and *Demaree*, did involve attempts to compel the production of insurance polices and did conclude that a party may be compelled to produce such policies. (*Superior Ins. Co.* v. *Superior Court, supra,* 37 Cal.2d at p. 754; *Demaree* v. *Superior Court, supra,* 10 Cal.2d at p. 103.) In those cases the tort plaintiffs may have resorted to artifice to obtain production of the tort defendants' insurance policies. Those cases involved proceedings to perpetuate testimony in which the plaintiffs alleged that after obtaining judgment in the tort action they would become plaintiffs in actions against the insurers and that they sought production of the insurance policies to perpetuate evidence to be used in the subsequent actions. Any need for a tort plaintiff to resort to such an artifice was eliminated in *Laddon* v. *Superior Court, supra,* 167 Cal.App.2d at pages 395 and 396, in which the court held that a tort plaintiff is not required to resort to a proceeding to perpetuate testimony in order to obtain the discovery approved in the *Superior Ins. Co.* and *Demaree* decisions.

[6]After rule 26 of the Federal Rules of Civil Procedure was amended expressly to permit discovery of the existence and contents of insurance policies, it was held that "it is clear" that a party may be compelled to produce its insurance policy. (*Henderson* v. *Zurn Industries, Inc.* (S.D.Ind. 1990) 131 F.R.D. 560, 562-563.) In construing a similar rule the Utah Supreme Court held that a rule permitting discovery of insurance information logically requires the production of the policy upon proper demand. (*Young* v. *Barney* (1967) 20 Utah.2d 108 [433 P.2d 846].) We agree with these cases and in the absence of a clear indication of legislative intent otherwise we will not construe our discovery statutes in a restrictive manner.

may be required to exhibit any policy carried by him, insuring him against the liability for the loss or damage for which judgment was obtained." Defendants argue that since that provision requires an insured person to exhibit an insurance policy after a judgment is entered against him, it follows that such a person need not exhibit the policy before judgment. However, that provision does not expressly or by necessary inference immunize a party to a lawsuit from discovery requests under the Civil Discovery Act of 1986. To the extent the inference urged by defendants would be otherwise permissible, it is overridden by the express provisions of sections 2017, subdivision (b), and 2031, subdivision (a).

Defendants point to Insurance Code section 12950, which provides: "Any person interested as owner, assignee, pledgee or payee, of any policy and desiring any information about such policy, may apply to the commissioner for a certificate of the facts or information desired. Such application, filed in duplicate, shall be accompanied by an affidavit, in duplicate, showing his interest in the policy." That provision was designed to enable an insured party, or others claiming through him, to obtain information about his own policy, for example, where the policy has been lost or destroyed. (See Ins. Code, § 12955.) It is not concerned with, and has no reasonable relevance to, the scope of discovery in civil litigation.

Defendants finally assert that insurance policies may contain information which is unrelated to the plaintiff's need to obtain insurance information and which otherwise should not be subject to compelled disclosure. This is undoubtedly true. Applicants for insurance are often required to divulge personal and financial information in an application which is then incorporated into the contract of insurance. (See *Gilmore* v. *Lycoming Fire Ins. Co.* (1880) 55 Cal. 123, 125.) In proposing that the federal scope of discovery be amended to include insurance information, the advisory committee said: "The insurance application may contain personal and financial information concerning the insured, discovery of which is beyond the purpose of this provision." (See Advisory Com. Notes, Fed. Rules Civ. Proc., rule 26(b)(2), as amended 1970, 28 U.S.C.A.) As a result, the federal rule provides: "For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement." (Fed. Rules Civ. Proc., rule 26(b)(2), 28 U.S.C.A.)

Section 2017, subdivision (b), does not contain an express limitation similar to that of the federal rule. Nevertheless, this subdivision, with exceptions not relevant to this question, does limit the discovery of insurance policies to their "contents." Thus, unless the application is incorporated into the policy or is otherwise made part of it, the application would not

constitute part of the contents of the policy and hence would not be separately discoverable. This was the view expressed in the reporter's notes to section 2017. "A party may obtain discovery of the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This discovery may include the identity of the carrier, the nature and limits of the coverage, but not the application therefor." (3 Hogan, Modern Cal. Discovery, *supra*, Proposed Civil Discovery Act of 1986, appen. D, pp. 180-181.) In any event, the Civil Discovery Act of 1986 provides ample protection against unwarranted disclosure of personal or financial information. Sections 2017 and 2019, which deal with the scope and methods of discovery generally, vest the trial court with authority to limit discovery upon a proper showing. (§ 2017, subd. (c); § 2019, subd. (b).) The factors to be considered by the trial court include whether the request is duplicative or cumulative and whether the request is unduly intrusive. (*Ibid.*)

Section 2031, which deals specifically with requests for production and inspection of documents, provides protections specific to that method of discovery. A party upon whom a request for production is served may respond with an objection to the request. (§ 2031, subd. (f)(3).) The objection must clearly set forth the extent of, and specific ground for, the objection. (*Ibid.*) The requesting party may move to compel production but in so doing must set forth specific facts showing justification for the discovery request. (§ 2031, subd. (*l*).) Alternatively, a party from whom production is sought may move for a protective order. (§ 2031, subd. (e).) In ruling upon such a motion the trial court is permitted to make any order that justice requires to protect a party against unwarranted disclosure. (*Ibid.*)[7]

The fact that the trial court has the power to protect a party against unwarranted discovery does not avail defendants in this proceeding. In response to plaintiff's request for production defendants did not move for a protective order. They did not respond to plaintiff's motion to compel production of their insurance policy with a showing specific to their situation which would support an exercise of the court's discretion to limit discovery. Instead, defendants made the broad assertion that plaintiff's right to discover insurance information is limited to interrogatories and that a request for production of an insurance policy is never authorized. Since we find a

---

[7]In either case the parties have a duty to make a reasonable and good faith attempt to informally resolve the question before resorting to the court. (§ 2031, subds. (e), (*l*).) If the parties fail to resolve the question informally and resort to the court becomes necessary, the court has the power to award sanctions against either party if it determines the party insisted upon or resisted discovery without substantial justification. (*Ibid.*)

request for production of documents to be a legislatively authorized method of discovery of insurance information and since defendants made no specific factual showing which would support an exercise of the trial court's discretion to limit or restrict plaintiff's right to discovery, it follows that the trial court did not err in granting plaintiff's motion to compel production and defendants are not entitled to an extraordinary writ.

## DISPOSITION

The petition for a peremptory writ of mandate is denied. The alternative writ previously issued is discharged with the finality of this opinion.

Sims, J., and Nicholson, J., concurred.